JOHNSON v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Master and Servant** : NEGLIGENCE : PLEADING. In an action by a servant against the master for negligence in furnishing improper appliances for the servant's use in his work, whereby he was injured, the petition must charge that the master either knew, or might have known, of the dangerous and defective construction of the appliance, or it must contain an equivalent averment.

2. —— : —— : ——. An allegation that defendant negligently furnished plaintiff an appliance which was not safe or sound, is an equivalent averment and is sufficient.

3. **Pleading** : NEGLIGENCE : PRACTICE. A petition in an action by a servant against the master, for negligently furnishing unsafe appliances to the servant, stated that " the said defendant, wholly disregarding its duty to this *defendant*, in that behalf, did furnish," etc. ; it being quite apparent that the second use of the word " defendant " was a clerical mistake, and as it appeared from other averments in the petition, that the appliance in question was negligently furnished plaintiff by defendant, the defect in the petition is cured by verdict. (R. S. 1879, sec. 3582).

4. —— : PRACTICE. By pleading to the merits in such case, objection to mere formal defects is waived, and complaint will not be heard on the trial that the petition does not state a cause of action.

5. —— : ——. Such an objection can only be interposed at the trial where the petition fails altogether to state a cause of action, and not when it is only formally defective.

6. **Master and Servant** : NEGLIGENCE : EVIDENCE, SUFFICIENCY OF. The evidence in a suit by a servant against the master for negligently furnishing an unsafe appliance to the servant, examined, and the action of the court, in overruling the demurrer to the evidence and submitting the case to the jury, affirmed.

7. **Railroads** : DAMAGES : DEFECTIVE APPLIANCES : EXPERT EVIDENCE. In an action by plaintiff against a railroad company, for damages for an injury received by him while in the employ of the defendant, and in the proper discharge of his duties, said injury being caused by the negligence of the defendant in furnishing the plaintiff with an unsafe hammer, the petition averred that the hammer had been repaired at the defendant's shops, and that it was owing to the imperfect and brittle condition and flaws in the hammer negligently furnished him, that plaintiff was injured. Under these averments, the evidence of two blacksmiths, as to the hammer not having been repaired with reasonable skill, was admissible. Such evidence also had a bearing upon the question of defendant's knowledge of the defective condition of the hammer. (*Gutridge v. Railroad*, 94 Mo. 468, *distinguished*).

8. **Practice** : INSTRUCTION : DEPARTURE. The instruction in this case examined and held not to be a departure from the petition.

9. —— : ——: " REASONABLE CARE AND DILIGENCE." Unless asked to do so, the court is not bound to define " reasonable care and diligence," as used in an instruction.

10. **Damages, when not excessive:** CASE ADJUDGED. The plaintiff was thirty-five years old at the time of his injury; his right eye was entirely destroyed, the other eye was affected whenever he took cold, and he could not do more than half the work he could before the accident. *Held*, a verdict for five thousand dollars was not excessive.

*Appeal from Morgan Circuit Court.*—Hon. E. L. EDWARDS, Judge.

AFFIRMED.

*Thos. J. Portis* and *Smith, Silver & Brown* for appellant.

(1) The petition does not affirmatively allege that the injury complained of was occasioned by a hidden defect in the hammer, which was known to defendant, or could have been discovered by the exercise of reasonable care. *Current v. Railroad*, 86 Mo. 62; *McDermott v. Railroad*, 30 Mo. 115; *Gibson v. Railroad*, 46 Mo. 163; *Lewis v. Railroad*, 59 Mo. 495; *Cummings v. Collins*, 61 Mo. 520; *Elliott v. Railroad*, 67 Mo. 272; Pierce on Railways, 370–373; Wood on Master and Servant, sec. 348. And the evidence fails to show that the alleged defect could have been discovered by inspection. (2) The petition does not state a cause of action for negligently repairing the hammer; the evidence showing this, if anything, to be the ground of recovery. *Buffington v. Railroad*, 64 Mo. 246; *Current v. Railroad*, 86 Mo. 62; *Waldhier v. Railroad*, 71 Mo. 514; *Price v. Railroad*, 72 Mo. 414; *Benson v. Railroad*, 78 Mo. 504. (3) The evidence to show the hammer was defectively repaired was inadmissible. *Current v. Railroad, supra.* So also was the opinion of the witnesses as to the temper and workmanship of the hammer, and that it had not been properly repaired. *Gutridge v. Railroad*, 94 Mo. 468. (4) The instruction given for plaintiff is erroneous in directing a recovery on the theory of negligence in repairing the hammer. *Current*

*v. Railroad, supra; Waddingham v. Hulett,* 92 Mo.
528; *Young v. Ridenbaugh,* 69 Mo. 574. (5) The
words "reasonable care and diligence" used in the
instruction should have been defined. *Wiser v. Ches-
ley,* 53 Mo. 547; *Mueller v. Ins. Co.,* 45 Mo. 84; *Buel v.
Transfer Co.,* 45 Mo. 562; *Zimmerman v. Railroad,*
71 Mo. 476. (6) The damages are excessive. *Railroad
v. Peavy,* 34 Kan. 487; *Ryder v. Mayor,* 50 N. Y. 220;
*Marshall v. Railroad,* 78 Mo. 616; *Railroad v. West,*
87 Ill. 94; *Railroad v. Payzant,* 87 Ill. 125; *Lombard
v. Railroad,* 47 Iowa, 494; *Railroad v. Hause,* 1 Wy.
27; *Sherman v. Stage Co.,* 24 Iowa, 515; *Railroad v.
Finlayson,* 18 A. & E. Ry. Cas. 68; *Railroad v. Ware,* 1
S. W. Rep. 494. (7) The petition is meaningless and
senseless in stating that the defendant, disregarding its
duty to the *defendant,* did furnish him said hammer.
etc. It therefore fails to state a cause of action, and
the objections made to it on the trial should have been
sustained. *Stegman v. Berryhill,* 72 Mo. 307.

*James A. Spurlock* for respondent.

(1) A master is bound to furnish his servants with
machinery, instruments and appliances which are reas-
onably sound and safe; the servant is not bound to
have them inspected, and their soundness and strength
tested; and if the master furnishes unsafe and unsound
instruments, etc., when a proper inspection would have
disclosed their unsafe or dangerous character, and
injury results, he is liable. *Seila v. Railroad,* 82 Mo.
430; *Covey v. Railroad,* 86 Mo. 635; *Hickman v. Rail-
road,* 22 Mo. App. 344; *Porter v. Railroad,* 60 Mo.
160; s. c., 71 Mo. 66; *Whalen v. Church,* 62 Mo. 326.
(2) A servant does not assume any risks as to machinery
or appliances, only when the defect is so patent as to
attract his notice and warn him of danger. *Dale v.
Railroad,* 63 Mo. 445; *Stockman v. Railroad,* 15 Mo.
App. 583. See also Wood on Master & Servant [2 Ed.]

secs. 357, 358, 359. (3) The question whether the hammer was so palpably unsafe as to warn plaintiff of its dangerous character was one for the jury, and was properly left to them. *Thorpe v. Railroad*, 89 Mo. 650. (4) It is not absolutely necessary for the servant to aver that the master knew, or might have known, the dangerous condition of appliances furnished his servant, by the exercise of reasonable diligence, but other words of equivalent meaning will suffice ; and it has been held by this court that an allegation that the defendant negligently furnished an appliance which was defective and unsafe is an equivalent averment, and is sufficient. *Crane v. Railroad*, 87 Mo. 588.

NORTON, C. J.—This case is here on defendant's appeal from a judgment recovered by plaintiff in the Morgan county circuit court for five thousand dollars damages for personal injury; and as exception was taken to the action of the trial court in overruling defendant's objection to the introduction of any evidence because the plaintiff's petition did not state facts sufficient to constitute a cause of action, it necessitates an insertion of so much of the petition as bears upon the question involved. Omitting the formal parts of the petition, it is as follows: "That on the thirteenth day of July, 1885, the said defendant was operating a branch railroad from Boonville, Missouri, to Versailles, and this plaintiff was employed by it as foreman or section boss on a section of said road leading from Versailles, Missouri, to Akinsville, Missouri, a distance of about nine miles, and it was part of his duty as such servant of defendant to help drive railroad spikes, and cut iron rails and keep defendant's track in good, safe condition, and it was the duty of defendant to furnish him good and reasonably safe and sufficient tools for that purpose; but that the said defendant, wholly neglecting and disregarding its duty to this *defendant* in that behalf, did furnish him a large hammer weighing about

eight pounds, for the purpose of driving railroad spikes and cutting iron side-rails by striking other sharper instruments, which said hammer was newly laid and repaired at the shops of the defendant by its own employes, and looked to an unskilled man to be sound and safe to work with, when in truth, it was not safe and sound, and on the thirteenth day of July, 1885, while this plaintiff and his assistants were cutting an iron rail and using the said hammer so negligently furnished him by said defendant, and while acting under its order, and in the scope of his employment, a piece of said hammer flew off and struck this plaintiff in the right eye, owing to the imperfect and brittle condition and flaws in said hammer so furnished him by the defendant, and which imperfections and unsafe condition of the said hammer could not be discovered with due caution and care by an unskilled servant. By means whereof his said right eye was knocked out and the eye-ball and sight totally destroyed, etc., and that he was thereby damaged in the sum of ten thousand dollars."

The specific objection urged to the above petition is, that it does not allege that defendant either knew, or might, by the exercise of ordinary care, have known that said hammer was not reasonably safe for the purposes for which it was to be used. In the case of *Crane v. Railroad*, 87 Mo. 588, it is held that in an action by a servant against his master for negligence in furnishing improper or unsafe appliances for the servant's use in his work, the petition must allege that the master either knew, or might, by the exercise of ordinary care, have known of the dangerous and defective construction of the appliance, or it must contain an equivalent averment, and that an allegation that the master negligently furnished an appliance which was defective and unsafe is an equivalent averment, and sufficient. Under this ruling, the objection to the sufficiency of the petition, based on the ground stated, is not well taken, as it is

therein averred that the unsafe hammer was negligently furnished plaintiff by defendant.

It is also insisted that the petition is insufficient because of the averment that, "the said defendant wholly neglecting and disregarding its duty to this *defendant* in that behalf, did furnish him a large hammer," etc. It is quite apparent that the second use of the word defendant in the above quoted paragraph in the connection in which it appears was a clerical mistake, and inasmuch as it sufficiently appears from other averments in the petition that the hammer in question was negligently furnished plaintiff by defendant the defect or clerical error in the petition would, under Revised Statutes, section 3582, be cured by verdict. And if so, under the ruling made in the case of *Hurst v. City of Ash Grove, ante*, p. 168, the defect in the petition could not be taken advantage of by an objection made on the trial to the introduction of any evidence. It is held in the above case that where a defendant pleads to the merits, he waives objections to mere formal defects and will not be heard on the trial to object that the petition does not state a cause of action. Such an objection can only be interposed at the trial when the petition fails altogether to state any cause of action, and not to a petition where a cause of action is defectively stated.

It is also insisted that the court erred in overruling defendant's demurrer to the evidence. Plaintiff, in his own behalf, testified as follows: "I was in the employ of the defendant in July, 1885; I was employed as section foreman on the Boonville branch; the Missouri Pacific was operating it; it was my duty to keep the track in shape; my orders were the same as the balance of the men; I had to use tools to shovel dirt, claw-bars, hammers, for drawing spikes, chisels for cutting rails. I used two spike hammers, one I sent to the repair shops to be repaired and it came back in good shape, or looked to be; it was repaired at Chamois, at the repair shops;

my orders were to send tools that needed repairing to the repair shops; it needed repairing, it was worn; when it came back, it was well dressed up, in good shape and looked all right; on the thirteenth day of July, 1885, I was using the hammer; I took out a rail and was cutting it in two, or the end off from it; one of my men was striking with the hammer, and I was holding the chisel, when all at once a piece flew off from the hammer and struck me in the eye; it knocked the sight of my eye right then and there; the piece of the hammer came off from the face, or the edge of the face; I do not know how much of it hit me." He further testified that he had no knowledge of any defect in the hammer; that he looked at it several times after it had been repaired, and it looked good and sound; that after he was hurt, he showed the hammer to Smith and Hardy, both of whom were blacksmiths.

James Hunter testified that he was present when Johnson had his eye knocked out; that they were cutting the end off a rail; that before using the hammer he examined it and it looked as nice as he ever saw one. Johnson put the chisel on the rail and he struck it a few blows and a piece broke off the outer edge of the hammer and struck Johnson in the eye; that after it broke, he looked at the hammer, and it seemed to be absolutely bursted, cracked all round, that he showed it to Mr. Smith, a blacksmith.

Smith testified that he was a blacksmith and had been in the business for more than twenty years; that the hammer was full of flaws all around the outer edge and one little piece was gone; that the repairing on the hammer had not been done in a skilful manner, or it would not have had those flaws.

Hardy testified that he had been a blacksmith ten years and knew about the temper of tools; that he was shown a hammer after Johnson was hurt; the face of the hammer had little cracks on the edge; it was either

caused by being hardened too hard, or bad material; that the hammer was not repaired with as much caution as it might have been. In the light of this evidence, the court was warranted in overruling the demurrer to to it and justified in submitting the case to the jury.

It is also insisted that the court erred in overruling defendant's objection to the reception of the evidence of the two blacksmiths Smith and Hardy, as to the hammer not having been repaired with reasonable skill. The petition alleges that the hammer in question had been repaired at defendant's own shops, and it was owing to the imperfect and brittle condition and flaws in the hammer negligently furnished him, that plaintiff was injured. Under these averments, the evidence was admissible, and also as bearing upon the question of defendant's knowledge, as to the defective condition of the hammer, the repair of it having been made or done by defendant's agent in its repair shops, thus making the knowledge of the agent the knowledge of his principal, and in this respect this case is distinguishable from the case of *Gutridge v. Railroad*, 94 Mo. 468.

But one instruction (no others being asked) was given which is as follows: "The court, on motion of the plaintiff, instructs the jury, that if they believe from the evidence that on or about the thirteenth day of July, 1885, plaintiff was in the employment of defendant as section foreman or boss on its line of railroad operated by it, and that while in the discharge of his duties as such employe, he was, without carelessness or negligence on his part which contributed directly thereto, struck by a piece of steel or iron in his right eye, by flying off from a large hammer, which defendant furnished him to use in their business in cutting iron rails, and that said hammer was unreasonably unsafe and unsound to use for the purpose for which it was furnished, and that the defective and unsafe condition of said hammer was unknown to plaintiff and could not have been known to him by ordinary care or caution on

his part, but was known to defendant, or might have been known by the exercise of reasonable care and diligence on the part of the defendant or its servant or agent who made or repaired it, the jury must find the issue for the plaintiff, and assess his damages in such sum as will compensate him for the injury he has sustained, taking into consideration the pain and anguish he has suffered in mind or body, not to exceed ten thousand dollars.''

This instruction is objected to on the alleged ground that it submits to the jury a case not made by the petition and because it does not define what is meant by the words ''reasonable care and diligence.'' Neither of these points is well taken. A comparison of the instruction with the petition fails to show any departure from the case presented by the petition; and as to the failure of the court to go further and define the meaning of the words ''reasonable care and diligence,'' we have not been cited to nor have found any authority going to the extent of saying, that the mere omission to give an instruction defining the above terms, where none is asked, is reversible error. None of the cases to which we have been cited go to that extent. It is held in one. of them, *Buel v. St. Louis Transfer Co.*, 45 Mo. 562, that the use of the words '' undue carelessness,'' in the circumstances of that case and as applied to it, was reversible error.

It is next insisted that the damages are grossly excessive, and that the judgment for that reason, should be reversed. In view of the evidence that plaintiff was of the age of thirty-five years, that his right eye was entirely destroyed, that the other eye was affected whenever he took cold, and that he could not do more than half the work he could do before the accident, we are not prepared to say that a verdict and judgment for five thousand dollars is excessive.

The judgment is affirmed with the concurrence of BRACE and BLACK, JJ. ; RAY, J., absent.