SULLIVAN v. MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Negligence**: PLEADING: RAILROADS. A petition in an action against a railroad company for the negligent killing of plaintiff's husband which specifically states the circumstances at tending the killing, and alleges that the deceased was run upon and killed by a designated locomotive and train of defendant, and that his death was occasioned by the negligence of defendant's servants while running, conducting and managing said locomotive and train of cars would be good on demurrer upon the ground that it states no specific act of negligence, and is, therefore, good against an objection made to the introduction of any evidence, after answer and on the trial.

2. ———: EVIDENCE: DEMURRER. It appearing that deceased had a right to be where he was, on the track, that his life could have been saved by the use of ordinary care by defendant's servants operating the train, and that they failed to exercise such ordinary care, a demurrer to the evidence was rightly overruled, although there was evidence tending to show that deceased was guilty of negligence.

3. **Railroad**: FELLOW-SERVANTS. A track-walker on a railroad is not a fellow-servant with a locomotive engineer or fireman of a passenger train.

4. ———: DEATH OF EMPLOYE: MEASURE OF DAMAGES. When an employe of a railroad is killed by the negligence of a servant of the company whilst running a train, such servant not being a fellow-servant of the deceased, the measure of damages is five thousand dollars, provided the deceased would have had a cause of action had death not followed. (R. S. 1879, sec. 2121).

VOL. 97—8

| | |
|---|---|
| 97 | 113 |
| 98 | 38 |
| 98 | 575 |
| 99 | 404 |
| 97 | 113 |
| 101 | 54 |
| 97 | 113 |
| 102 | 543 |
| 97 | 113 |
| 104 | 502 |
| 105 | 370 |
| 97 | 113 |
| 109 | 359 |
| 109 | 394 |
| 109 | 425 |
| 112 | 93 |
| 49a | 531 |
| 53a | 401 |
| 97 | 113 |
| 115 | 100 |
| 97 | 113 |
| 57a | 226 |
| 57a | 332 |
| 58a | 334 |
| 97 | 113 |
| 129 | 516 |
| 97 | 113 |
| 72a | 17 |
| 97 | 113 |
| 153 | 396 |
| 153 | 398 |
| 153 | 400 |
| 97 | 113 |
| 87a | 623 |
| 97 | 113 |
| f164 | 285 |
| 164 | 286 |
| 97 | 113 |
| 92a | ⁸122 |

5.  **Deposition**: CERTIFICATE: PRESUMPTION. The facts which will
authorize the reading of a deposition may be shown by the depos-
ing witness or the certificate of the officer taking the same.
When, therefore, the certificate to a deposition is omitted from the
record, the supreme court will presume that it disclosed a proper
case for reading the deposition.

*Appeal from Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

*Adams & Bowles* for appellant.

(1) The defendant's objection to the introduction
of any evidence, under the petition, should have been
sustained. The allegation is, that the death of plain-
tiff's husband was occasioned "by the negligence of
the officers, servants or employes of the defendant
whilst running, conducting or managing said locomo-
tive or train of cars." The only particular acts of
negligence charged are, "that said train was out of
time, and under the control and management of one
Fitzgerald as conductor, and O'Donnell, as engineer."
There is no suggestion as to why these circumstances
were negligence, either in law or fact. *Gurley v. Rail-
road*, 93 Mo. 445; *Stephens v. Railroad*, 86 Mo.
226-227; *Railroad v. Jones*, 76 Ill. 311. (2) The
defendant's instructions in the nature of demurrers to
the evidence at the close of plaintiff's case, and of the
entire case, should have been given. *McDermott v.
Railroad*, 30 Mo. 115; *Rohback v. Railroad*, 43 Mo.
187; *Harlan v. Railroad*, 65 Mo. 22; *Kelly v. Rail-
road*, 75 Mo. 138; *Yarnell v. Railroad*, 75 Mo. 575;
*Stephens v. Railroad*, 86 Mo. 221; *Randall v. Rail-
road*, 109 U. S. 478; *Railroad v. Wachter*, 60 Md. 395;
*Besel v. Railroad*, 70 N. Y. 171; *Valtez v. Railroad*,
85 Ill. 500. (3) The train that struck Sullivan was in
plain view, and his failure to be vigilant and watchful

for approaching trains was negligence, which directly contributed to his death, and plaintiff cannot recover. *Harlan v. Railroad*, 64 Mo. 480; *Fletcher v. Railroad*, 64 Mo. 484; *Cagney v. Railroad*, 69 Mo. 424; *Moody v. Railroad*, 68 Mo. 470; *Heinze v. Railroad*, 71 Mo. 636; *Zimmerman v. Railroad*, 71 Mo. 476; *Lennox v. Railroad*, 76 Mo. 86; *O'Donnell v. Railroad*, 7 Mo. App. 535; *Kelly v. Transit Co.*, 11 Mo. App. 1; *Railroad v. Houston*, 95 U. S. 697; *Parker v. Railroad*, 86 N. C. 221. (4) The engineer, conductor, and Sullivan were all fellow-servants of defendant corporation, and it is not liable to the plaintiff for negligence of the engineer or conductor, if any there was, in running and managing the train. *McGowen v. Railroad*, 61 Mo. 532; *Blessing v. Railroad*, 77 Mo. 312; *Collins v. Railroad*, 30 Minn. 31; *Cormley v. Railroad*, 72 Ind. 31; *Baldt v. Railroad*, 18 N. Y. 432; *Railroad v. Devinney*, 17 Ohio St. 197; *Slatterly v. Railroad*, 23 Ind. 81; *Foster v. Railroad*, 14 Minn. 360; *Valtez v. Railroad*, 85 Ill. 500; *Farwell v. Railroad*, 4 Met. 49; *Holden v. Railroad*, 129 Mass. 268; *Handerville v. Railroad*, 11 Ohio St. 417; *Hays v. Railroad*, 3 Cush. 270; *Railroad v. Dolan*, 32 Mich. 510; *Whalen v. Railroad*, 8 Ohio St. 249. (5) And the failure of plaintiff to show that they were not fellow-servants is fatal to her recovery. *Blessing v. Railroad, supra.* (6) This being an action by the legal representative of an employe of defendant, the court erred in instructing the jury that if they found for plaintiff to assess her damages at five thousand dollars. *Flynn v. Railroad*, 78 Mo. 190; *Holmes v. Railroad*, 69 Mo. 536; *Elliott v. Railroad*, 67 Mo. 272; *Proctor v. Railroad*, 64 Mo. 112. (7) It was an error to permit the plaintiff to read the deposition of the witnesses who resided in the county of Jackson, where the trial was had, without proof that they were not within the jurisdiction of the court. *Gurman v. Mockbee*, 29 Mo. 345; *Livermore v.*

*Eddy*, 33 Mo. 547 ; *Witherell v. Patterson*, 31 Mo. 454; *Gaul v. Minger*, 19 Mo. 541.

*Warner & Dean* and *E. A. Andrews* for respondent.

(1) The petition is statutory—in the exact language of the statute—good against general demurrer, and therefore the general objection (if objection it was) was properly overruled. The petition states a cause of action. *Edens v. Railroad*, 72 Mo. 213 ; *Schneider v. Railroad*, 75 Mo. 295 ; *Mack v. Railroad*, 77 Mo. 232. (2) Upon the evidence, the inferences to be drawn therefrom, and the surrounding attendant circumstances, the case is one that should be submitted to a jury. (3) Whatever other courts may have decided, this court has long since determined that these train-men and Sullivan were not fellow-servants. *Hall v. Railroad*, 74 Mo. 298. and cas. cit. (4) The reading of depositions was properly allowed—they were taken by consent, and read by consent, without proper objections at the time of taking or at the trial. This was a matter entirely in the discretion of the court below, unless the record shows an improper exercise of that discretion, which it does not in that case. Defendant had its day in court by appearing and cross-examining, a very different case from one *non-invitum*. *Shepard v. Railroad*, 85 Mo. 629.

BLACK, J.—The plaintiff is the widow of Patrick Sullivan ; he was killed by a passenger train on defendant's road and she sued for and recovered five thousand dollars damages, basing her cause of action on section 2121, Revised Statutes, 1879, known as the second section of the damage act. The petition states that deceased was a track-hand, his duties being that of a track-walker over a section of the road, and it then proceeds to state :

"That while so engaged on the eighth day of May, 1885, he was run upon, injured and killed by the locomotive and cars of defendant, known as the morning Lexington train, west, and resulting from or occasioned by the negligence of the officers, servants or employes of defendant, whilst running, conducting or managing said locomotive and train of cars ; that the said train was out of time and under the control and management of one Fitzgerald, as conductor, and one O'Donnell, as engineer ; all, at or near Rock creek, in said county and state aforesaid ; on the line of defendant's railway."

1.   The objection to the petition, made by way of an objection to the introduction of any evidence, seems to be that it does not state any specific act of negligence, and in support of this position we are cited to *Gurley v. Railroad*, 93 Mo. 445.   The rule of that case is, that it is good and sufficient pleading to set out and describe the acts done with a reasonable degree of particularity, and then allege that they were negligently done.   In this case the petition sets out circumstances as a matter of inducement, to the unnecessary extent of stating the names of the conductor and engineer in charge of the train ; it states that Sullivan was run upon and killed by the designated train, and that his death was occasioned by the negligence of the defendant's servants while running, conducting and managing the locomotive and train of cars.   The petition is clearly within the rule of the case before cited.   It would be good as against a demurrer making this specific objection, and that being so, it is certainly good as against an objection made to the introduction of any evidence, after answer and on trial of the cause.

2.   It is next insisted that the court erred in refusing to instruct the jury that upon the pleading and evidence plaintiff could not recover.   The evidence shows that deceased had been in the employ of the defendant for about ten years.   On the day in question he walked

over his section of about four miles, and then back to a place where some men were loading a train of dirt cars with a steam shovel. The dirt cars stood on a side track and the shovel was some thirty or more feet to the north of the main track. Sullivan stood upon the north end of a tie of the main track, facing the shovel, with a wrench and a spike maul on his right shoulder. While in this position the passenger train going west came around a curve, hit and killed him. At the time, Sullivan was talking to some men, and was watching the shovel. The machinery and chains used in operating it made considerable noise, so that he evidently did not hear the coming train, nor did he see it. He could have seen it for a distance of about two hundred yards, most of the witnesses say, and they say the engineer could have seen him for a like distance. The train was a regular west-bound train, about ten to twenty minutes behind time, and going down grade at a rate of speed estimated from twenty to thirty-five miles per hour. One witness, who was at work with the shovel, says he saw the train when one hundred or one hundred and fifty yards away ; that the engineer was watching the shovel, and continued to watch it until he came up to Sullivan ; that he heard no bell, but heard a sharp whistle from the engine just as it hit Sullivan ; and that no effort was made to stop the train previous to that moment.

For the defendant, the fireman on the passenger engine testified that he saw Sullivan when about one hundred yards away. He says: "As soon as I saw him I rang the bell. I didn't see him any more ; he was looking at the steam shovel, and about that time I turned the curve, and I told the engineer there was a man on the track."

The engineer says he saw Sullivan when about fifty yards away, that he could not see him at a greater distance from his side of the engine, because of the curve. He testified : "I was going west on train 43, and about

a quarter of a mile this side of Rock creek there was a steam shovel working there and Mr. Sullivan was standing on the end of one tie looking at the steam shovel working as I went around the curve; I whistled at him several times, but he couldn't take his eyes off, it seems, the steam shovel; he just seemed paralyzed looking at the steam shovel; I could not attract his attention with the whistle, and when I saw him still there I set the air brakes; I did all I could to attract his attention, but I couldn't do it."

Sullivan was not a wrong-doer because on the track. He was where he had a right to be; and while there is evidence tending to show that he was guilty of negligence, there is evidence tending to show that his life could have been saved by the use of ordinary care on the part of the engineer and fireman, and that they failed to exercise that care. Indeed, although the fireman and engineer saw Sullivan on the track, and saw that his attention was attracted to the steam shovel, still there is evidence that no signal was given until the instant the engine struck him. The fireman and engineer knew that a gang of men were working at the point where the deceased was killed, and it was their duty to keep careful watch, and especially so in view of the curve which prevented an approaching train from being seen until within about two hundred or two hundred and fifty yards of the place of the accident. The court committed no error in refusing to give the instruction in question.

3. The point made that the deceased was a fellow-servant with those in charge of the train, and for that reason the plaintiff cannot recover, cannot be sustained. We have held that a car-repairer at a station and a train-man are not fellow-servants, within the meaning of the rule that exempts the company from liability to a servant for injury occasioned by the negligence of another servant (*Condon v. Railroad*, 78 Mo. 567);

nor are section foremen and switchmen fellow-servants. *Hall v. Railroad*, 74 Mo. 298. The rule of exemption is based upon the assumption that the servants are engaged in a common employment. While there is much diversity of opinion as to what will, and what will not, constitute a common employment, this section-man and the servants in charge of the passenger train were engaged in different departments of the general business in which defendant was engaged, and were not fellow-servants. Cases are cited which go further and hold that servants are not fellow-servants where the relation is much more intimate than that of the deceased and persons in charge of the train in question; but we confine our present ruling to the facts of the case before us.

4. The further point is made that this being an action by the representative of an employe, the court erred in fixing the damages at five thousand dollars. In other words, the contention is that the case is not within the second section of the damage act. The case of *Proctor v. Railroad*, 64 Mo. 112, decides, and decides only, that the words "any person" do not include the case of a servant whose death is occasioned by the negligence of a fellow-servant. Considering the second, third, and fourth sections together, it was held that it was not the object, purpose or intent of the legislature to destroy or interfere with the rule that prohibits a servant from sustaining an action against the master for the negligence of a fellow-servant, the master himself not being in fault. Says the court, the face of the section "is at war with any other idea than that the right to sue was intended to be a transmitted right, and not an original right." That case has been followed to the present time, and we still adhere to the ruling there made. But if we are right in the conclusion that Sullivan was not a fellow-servant with the servants of the defendant, running the train, which ran over and killed him, then the *Proctor case* is without any application

here. The statute reads: "Whenever any person shall die from any injury resulting from, or occasioned by the negligence   *   *   *   of any servant or employe whilst running, conducting or managing any locomotive, car or train of cars," etc., and a subsequent clause goes on to say: "And when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad or   *   *   *   machinery thereof," etc. It will be seen that, in case of death resulting from defective road or machinery, this section extends to passengers only, and not to servants, though they may have a cause of section under the third section, but not even under that section, if the death be the result of the negligence of a fellow-servant. But the first clause of the second section is not limited to passengers. Under that clause, if the person die from the negligence of the servant, whilst running any locomotive, car or train of cars, then his representatives will be entitled to recover five thousand dollars damages; provided the person would have had a cause of action had death not followed. Sullivan, therefore, not being a fellow-servant with the train-men, the plaintiff's cause of action comes within the said second section of the damage act.

5. The objection to the reading of the depositions of Nicholson, Gillett and Brittainstein is that there is nothing to show that the witnesses were not within the jurisdiction of the court. The statute provides when the deposition may be read, and in some instances it is not necessary that the witness should reside out of the county where the trial is had, or be more than forty miles from the place of trial. The statute also declares that the facts which will authorize the reading of a deposition may be established by the testimony of the deposing witness or the certificate of the officer taking the same. The certificate of the officer taking these depositions is not preserved in the record; and this

being so, we must indulge in the presumption that the certificate disclosed a proper case for reading the depositions. From the record, we cannot tell where or before whom the depositions were taken. The whole depositions, including the certificate of the officer, must be preserved in the record in order to enable us to review such an objection as that made in the present case.

The judgment is affirmed. All concur, BARCLAY, J., not sitting.