POPE v. THE KANSAS CITY CABLE RAILWAY COMPANY, *Appellant.*

1. **Pleading:** PETITION: NEGLIGENCE. A petition in an action for damages by a wife for the wrongful killing of her husband, which alleges that the defendant, at the time of the accident, was operating the cars which did the injury, and that the deceased, in the exercise of proper care and caution, was crossing the railway track, when defendant, by its agents and servants, negligently, carelessly and wrongfully, ran its cars against the wagon of the deceased, overturned the same and killed him, states a cause of action.

2. ——: ——: ——. The petition is good against the objection that it does not specify the particular act of negligence which caused the injury.

3. **Practice:** PRESUMPTION. Where a defendant fails to stand upon his demurrer to plaintiff's evidence, and introduces evidence which tends to establish facts showing his liability, and asks instructions which concede such facts, and plaintiff's evidence shows the existence of the same facts just before the injury creating the

liability, the supreme court will, on appeal where the insufficiency of plaintiff's evidence is first specifically pointed out, make every fair and reasonable inference in favor of the sufficiency of the evidence to prove such facts.

4. ———: ———. The principle that a state of facts once shown to exist will be presumed to continue until the contrary is shown will apply in such case.

5. Negligence: PRACTICE: DEMURRER. In an action against a railroad by a wife for the wrongful killing of her husband, where it appears from plaintiff's evidence that the servants of the defendant operating the train saw the deceased upon the track at such a distance that they could, by the prompt use of the appliances at their command, have stopped the train and avoided the injury, which they failed to do, a demurrer to the evidence is properly overruled.

6. Practice: INSTRUCTION. The objection that an instruction assumes a fact not proved is not tenable, where the evidence tends to prove it and there is no evidence tending to contradict it, and the evidence of the party objecting tends to confirm it, and both parties during the trial treat it as a conceded fact.

7. ———: ———. An instruction declaring it to be the duty of those operating a train to keep a vigilant watch of the track ahead, that they might discover persons on the track in time to avoid injuring them, is not objectionable as being calculated to mislead the jury, on the ground that it appears from the evidence that there were two parallel tracks near together, and they would not understand which track it was declared to be the duty of the train men to watch.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) The petition does not state a cause of action, because it does not show in what the negligence consisted. *Gurley v. Railroad* 93 Mo. 455; *Peltz v. Eichele*, 62 Mo. 171. (2) The demurrer to the testimony introduced by plaintiff should have been sustained. *Purl v. Railroad*, 72 Mo. 168; *Powell v. Railroad*, 76

Mo. 80; *Kelly v. Railroad*, 88 Mo. 534 ; *Lenix v. Railroad*, 76 Mo. 90; *Yancey v. Railroad*, 93 Mo. 433; *Stepp v. Railroad*, 85 Mo. 229; *Railroad v. Kuehn*, 8 S. W. Rep. 484; *Eswin v. Railroad*, 96 Mo. 290; *Butts v. Railroad*, 11 S. W. Rep. 754. (3) Instruction 5 given for plaintiff is erroneous. (*a*) It assumes as a fact that defendant was operating the train. *Dowling v. Allen & Co.*, 88 Mo. 293. (*b*) It requires stoppage of the train regardless of its safety. *Bell v. Railroad*, 72 Mo. 50. (*c*) It was indefinite and confusing in not informing the jury on which track the gripman was required to have seen the deceased. (*d*) It was not justified by the testimony as to the facts. *Kelly v. Railroad*, 75 Mo. 138; *Rine v. Railroad*, 88 Mo. 392. (4) Instruction numbered 1, asked by defendant, should have been given, for the reason that the whole testimony failed to show · that defendant was operating the cars by which deceased was killed, and did not even tend to prove any negligence on the part of those in charge of the cars. (5) The verdict of the jury shows such a palpable disregard of the law and the testimony, that it is evidently the result of mistake or prejudice, and should work a reversal of the cause.

*John W. Beebe* for respondent.

(1) The petition is sufficient. *Schneider v. Railroad*, 75 Mo. 295; *Johnson v. Railroad*, 5 S. W. Rep. 790; *Sullivan v. Railroad*, 10 S. W. Rep. 852; Bliss on Code Pleading, sec. 211. (2) The demurrer to the plaintiff's testimony was properly overruled. *Buesching v. Gaslight Co.*, 73 Mo. 219; *Kelly v. Railroad*, 75 Mo. 138; *Frick v. Railroad*, 75 Mo. 595; *Scoville v. Railroad*, 81 Mo. 440; *Welch v. Railroad*, 81 Mo. 466; *Donahue v. Railroad*, 91 Mo. 357; *Kelly v. Trans. Co.*, 95 Mo. 279; *Waller v. Railroad*, 83 Mo. 608; *Brown v. Railroad*, 50 Mo. 461; *Railroad v. McDonnell*, 43 Md. 534; *Guenther v. Railroad*, 95 Mo. 286; *Jennings v. Railroad*, 11 S. W. Rep. 999. (3) The plaintiff's fifth

instruction correctly declares the law applicable to this case. (4) The point made that the testimony failed to show defendant was operating the road at the time of the casualty is without foundation. The plaintiff's testimony made out a *prima facie* case, and was corroborated by the testimony adduced by the defendant. The fact was not controverted, while the various interrogatories propounded to witnesses by defendant's counsel, as well as the language adopted in their instructions, conclusively show that the fact was assumed and the present contention an afterthought. *Cargill v. Wood*, 63 Mo. 501 ; *Fitzgerald v. Barker*, 85 Mo. 14; Lawson's Presumptive Ev., chap. 8, p. 161 ; *Railroad v. Kunston*, 69 Ill. 103. (5) The verdict of the jury was abundantly supported by the evidence. The gripman was wantonly negligent under the circumstances, and having invited plaintiff to cross the track in front of the train defendant will not be heard to say that the act so invited was contributory negligence. See cases above cited ; also, *Waller v. Railroad*, 83 Mo. 608; *Sweeney v. Railroad*, 10 Allen, 368; *Morrisey v. Wiggin's Ferry Co.*, 47 Mo. 521; Beach on Contributory Negligence, sec. 23, and cases cited.

BRACE, J.—The plaintiff is the widow of Nelson M. Pope, who was killed in a collision between a wagon and team that he was driving and a train of cable cars, near the corner of Ninth street and Grand avenue, in the City of Kansas, on the first day of July, 1886. In this action she seeks to recover five thousand dollars' damages for his death, alleging as a cause of action that defendant was operating said cars at the time of the accident, and that her husband, in the exercise of proper care and caution, was crossing its railway track, "when the defendant, by its agents and servants, negligently, carelessly and wrongfully ran its car against the wagon of said Pope, overturned the same and killed him."

I. The sufficiency of the petition is questioned for the first time in the brief of counsel in this court. In the trial court, no objection was taken to it, either by demurrer or objection to the introduction of evidence, nor was there a motion in arrest of judgment. That it states a cause of action, there can be no doubt; further than to ascertain this fact, we will not look into it. The objection urged against it, however, that it does not specify the particular act of negligence which it is claimed caused the injury, is answered by the cases of *Sullivan v. Railroad*, 97 Mo. 113; *Johnson v. Railroad*, 96 Mo. 340.

II. It is urged that the demurrer to plaintiff's evidence ought to have been sustained, because there was no testimony showing that the defendant was operating the train by which the deceased was struck. On the trial, neither this nor any other reason was assigned as ground of the demurrer to the evidence. The defendant did not stand on its demurrer, but proceeded to introduce its evidence on the merits. It did appear, however, from plaintiff's testimony, that, in the month of May or June, just before the accident, the defendant was operating the cable train on this railway; the evidence of the defendant indirectly tended to show that they were operating the road at the time of the accident, and the whole examination by defendant of its witnesses, as well as the instructions it asked of the court, treated the case as if it was a conceded fact that the defendant's servants were operating the cars on this railway on the day the accident happened. In such state of case, justice and fair dealing in the trial of cases between the parties litigant and the trial court require us on appeal, where such a defect is first specifically pointed out, to make every reasonable and fair inference in favor of the sufficiency of the evidence to prove such fact. The principle, that a state of facts once shown to exist will be presumed to continue until

the contrary is shown, is fairly applicable to this objection, and disposes of it, in connection with the defendant's evidence, and its conduct of the trial, and no further consideration need be given it under the instructions of the defendant in the nature of a demurrer to the sufficiency of the whole evidence at the close of the case, which the court refused to give. *Winters v. Kansas City Cable Ry. Co., post*, p. 509 (12 S. W. Rep. 652.)

III. It is contended that this instruction ought to have been given, however, for another reason, that upon the whole evidence the plaintiff failed to make out her case on the merits. The evidence for the plaintiff tended to show that the gripman of the train, which ran into the deceased's wagon and thereby killed him, discovered the plaintiff in the act of crossing the track on which the train was running when the train was at such distance from the wagon, that, if he had promptly used the appliances at his command for checking or stopping the train, the train could have been so stopped or retarded, that the collision would have been avoided, and the deceased would have gotten safely across the track without injury, and that he failed to so promptly use such appliances, or to stop or check the train, thus causing the accident and the death of the deceased.

That this evidence made out a case on which the plaintiff was entitled to recover, if the jury believed the facts which it tended to prove, is no longer open for argument in this state. *Jennings v. Railroad, ante*, p. 394 (12 S. W. Rep. 999); *Sullivan v. Railroad*, 97 Mo. 113; *Kelly v. Union Railway & Transit Co.*, 95 Mo. 279, and cas. cit.; *Guenther v. Railroad*, 95 Mo. 287, and cases cited. And the court committed no error in overruling the demurrer to the evidence on this ground.

IV. The evidence for the defendant tended to show that when the gripman discovered the deceased in the act of crossing the track, on which the train was running,

he promptly used all the appliances at his command to check or stop the train, but that the train was so near to the wagon that the collision could not be avoided. On this state of evidence the court submitted to the jury, in one instruction for the plaintiff and three for the defendant, the issue whether the defendant's servants could have avoided the injury by the exercise of reasonable care after the perilous situation of the deceased was discovered, and the jury found for the plaintiff. The instruction given for the plaintiff is subjected by counsel to the following criticisms : (1) That it assumes that defendant's servants were operating the cars. The answer is that plaintiff's evidence tended to prove, and there was no evidence tending to contradict, the fact assumed; the tendency of defendant's evidence was to confirm it, and it was treated during the whole trial as a conceded fact by both parties. (2) That the instruction was calculated to confuse the jury inasmuch as there were two tracks in the street from three to five feet apart, and as the instruction simply told the jury it was the duty of defendant's servants to keep a vigilant watch of the *track ahead*, perchance the jury may have thought they were instructed that it was the duty of defendant's servants to keep a vigilant watch of the track *aside* of that on which the car was traveling. It does not strike us that any serious confusion could have arisen in the minds of an ordinarily intelligent juror as to which track the court meant, specially when in connection therewith the object of the watch is directly stated to be in order to discover the plaintiff's husband on *the track* in time to have prevented the train whose machinery they were operating from running into and killing him. (3) That it required the gripman to stop the train if he could do so without regard to the safety of the train or its passengers. This is a mistake. The instruction did not require the train to be stopped at all. It merely required that the gripman should exercise ordinary care to prevent the injury. The evidence

was not such as to introduce the element of hazard to the train, or its passengers, into the case, nor did the instruction require that the train should have been slacked up or stopped by "any means in the power" of those managing it, thereby making necessary the introduction of the qualification, "consistent with the safety of the train," as was the case in *Bell v. Railroad*, 72 Mo. 50, to which we are cited in support of this point. The objections urged against the instructions are not well taken, and we fail to find in the record any error requiring a reversal of the judgment herein. It is, therefore, affirmed. All concur.