## EMMA KLAGES, Respondent, v. AMELIA MUELLER, Appellant.

St. Louis Court of Appeals, July 19, 1912.

1. APPELLATE PRACTICE: Review of Admission of Deposition: What Record Must Show. To review the admission of a deposition, over the objection that there was nothing to show the witness was out of the court's jurisdiction, the whole deposition, including the certificate of the officer taking it, must be preserved in the record.

2. INSTRUCTIONS: Commentary on Evidence. In an action on a promissory note, the execution of which was denied by defendant under oath, the court instructed the jury that, in determining whether or not the signature was genuine, they were not bound to consider the testimony of defendant on that issue as controlling or conclusive, but they should consider her testimony in connection with all the other testimony bearing on the matter, and if, from all the facts and circumstances in evidence, they were reasonably satisfied that defendant signed the note, they should find for plaintiff. *Held*, that the instruction correctly declares the law and is not objectionable as unduly commenting on the evidence.

3. ———: ———. In an action on a promissory note, the execution of which was denied by defendant under oath, where plaintiff's testimony was given by deposition, the court instructed the jury "that certified copies of public records are entitled to the same consideration as the records themselves and that depositions read in evidence are to be considered and given the same weight as statements made by witnesses therein as if they had personally appeared at the trial and testified in accordance with the deposition." *Held*, that the instruction correctly declares the law and is not objectionable as unduly commenting on the evidence.

4. BILLS AND NOTES: Action on Note: Instructions. In an action on a promissory note, the execution of which was denied by defendant under oath, a series of instructions given for plaintiff, epitomized in the opinion, are *held* to correctly declare the law and to be free from containing any undue comments on the evidence.

CAULFIELD, J., dissents.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*Zach J. Mitchell* for appellant.

(1) The deposition of plaintiff offered herein was erroneously admitted in evidence against the objections and exceptions made and saved by defendant at the trial herein. Depositions shall be accompanied by certificate of the official character of the officer taking them, etc. R. S. 1909, sec. 6408. All the requirements of the law in respect to taking depositions must be complied with before they can be read in evidence. Patterson v. Fagin, 38 Mo. 70; Perry v. Siter, 37 Mo. 274; Minche v. Skinner, 44 Mo. 92. Proof of depositions when witness is absent from the state, must appear at time of trial by other evidence than that contained in the deposition. Levermore v. Eddy, 138 Mo. 547; Gall v. Wenger, 19 Mo. 542; Grinnan v. Mockbie, 29 Mo. 345. (2) Instruction No. 2 is objectionable as a comment upon the affidavit and testimony of appellant herein and said instruction No. 3 is also objectionable as a comment upon the testimony by deposition of respondent herein. State v. Howard, 118 Mo. 127; Greenleaf on Evidence (7 Ed.), 520; Starkie on Evidence (9 Ed.), 766.

*William H. Davies* for respondent.

(1) All presumptions are in favor of the proceedings and the rulings of the trial court, and unless the whole deposition, including the certificate of the officer taking it, is preserved in appellant's record, it is presumed that the certificate discloses a proper cause for reading it. Sullivan v. Railroad, 97 Mo. 113; Vaughan v. Railroad, 34 Mo. App. 141; Walter v. Cathcart, 18 Mo. 256. (2) There is no statute or rule of law pronouncing testimony by deposition inferior to oral testimony. R. S. 1909, sec. 6384 *et seq.;* Moore on facts, sec. 964; Elliott's General Practice, sec. 338; State v. Grant, 79 Mo. 137; Works v. Stevens, 76 Ind. 181; Miller v. Elgin, 64 Ind. 197. (3)

Even where evidence is admitted or instructions given which might be properly refused, reversal is not thereby justified unless the merits of the action have been materially affected. R. S. 1909, sec. 2082; Sinclair v. Bradley, 52 Mo. 180; Fitzgerald v. Barker, 96 Mo. 661.

REYNOLDS, P. J.—This action was commenced before a justice of the peace, the action founded on a note alleged to have been executed by defendant in favor of plaintiff. We are not advised by the abstract which of the parties recovered in the justice's court. At any rate, the cause was appealed to the circuit court and there tried before the court and a jury. The issue there was over the fact of the execution of the note by defendant, defendant having challenged the execution by affidavit denying that fact.

It appears that plaintiff herself was absent from this country at the time of the trial, being in Germany, and her deposition, taken there, was admitted in evidence over the objection of counsel for defendant. There was testimony on the part of plaintiff outside of the deposition, tending to show that plaintiff was absent from this country at the time of the trial; that defendant had admitted the execution of the note and that she had not paid it. On her behalf defendant denied that she had executed the note and two or more witnesses testified that to the best of their knowledge and belief the signature attached to the note was not that of defendant. Papers pertaining to and of the files in the case, executed by defendant, were in evidence.

At the instance of plaintiff the court gave five instructions. The first is to the effect that if the jury believed from the evidence that the note in question was executed by defendant, they should find for plaintiff and assess her damage at the amount of the note, specifying it, with interest at the rate of six per cent

per annum from February 10, 1902. The second instruction told the jury, in effect, that in determining the issue of whether or not the signature of defendant appearing on the note in evidence was her genuine signature, the jury were not bound to consider the testimony of defendant herself on that issue as conclusive or controlling, but they should consider her testimony in connection with that of all the other testimony in the case bearing on that matter, and if from all the facts and circumstances developed in evidence the jury were reasonably satisfied, from the greater weight of the credible evidence, that defendant signed her name to the note, their verdict must be for plaintiff. Another instruction told the jury, in effect, that certified copies of public records are entitled to the same consideration as the records themselves and that depositions read in evidence are to be considered and given the same weight as statements made by witnesses therein as if the they had personally appeared at the trial and testified in accordance with the deposition. Another instruction told the jury that they were the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given their testimony. The final instruction was as to the number of jurors necessary to concur in a verdict. These were all excepted to by defendant.

Defendant asked no instructions and the court gave none of its own motion.

The jury returned a verdict in favor of plaintiff for the amount of the note and interest. In due time defendant filed her motion for a new trial and saving exceptions to that being overruled duly perfected her appeal to this court.

We are unable to discover any reversible error in this record.

We cannot go into the question of the action of the court as to the admission of the deposition in evidence for the reason the deposition and its certificates

are not contained in the abstract. Our Supreme Court held, in Sullivan v. Missouri Pac. Ry. Co., 97 Mo. 113, 1. c. 121, 122, 10 S. W. 852, that where the certificate of the officer taking the deposition is not preserved in the record, the appellate court must indulge in the presumption that the trial court, having admitted the deposition to be read in evidence, had before it a certificate entitling that deposition to be read; that the whole deposition, including the certificate of the officer, must be preserved in the record in order to enable an appellate court to review such an objection as made in the present case.

We do not think the objections urged to the instructions are tenable. They were neither undue comments on the evidence nor incorrect statements of the law.

The case was one entirely for the jury on the sole fact of execution of the note in question by the defendant; the jury had before it all the testimony concerning this matter. We hold they were properly instructed and their verdict is conclusive.

The judgment of the circuit court is affirmed. *Nortoni J.,* concurs. *Caulfield, J.,* dissents.