## CRANE v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

1. **Pleading.** A plaintiff need only allege in his petition what he is bound to prove to make out his *prima facie* case.

2. **Master and Servant: NEGLIGENCE: PLEADING.** In an action by a servant against the master for negligence in furnishing improper appliances for the servant's use in his work, whereby he was injured, the petition need not aver either that plaintiff did not know, or could not have known, by the exercise of ordinary care, the dangerous and defective construction of the appliance.

3. ——: ——: ——. But in such action the petition must charge that the master either knew, or might have known, of the dangerous and defective construction of the appliance, or it must contain an equivalent averment.

4. ——: ——: ——. An allegation that the defendant negligently furnished an appliance which was defective and unsafe, is an equivalent averment, and is sufficient.

5. **Evidence: NOTORIETY.** Proof of the notoriety of a fact is competent to show notice or knowledge of it by another.

6. ——: ——. Evidence to show that a car used by the defendant, a railroad, and known as the Baldwin locomotive car, because of

Crane v. The Missouri Pacific Railway Co.

its dangerous character, had been abandoned by the defendant, and by railroads generally, is competent to show knowledge, on the part of defendant, of such dangerous character of the car.

**7. Negligence:** FURNISHING SERVANT WITH DANGEROUS APPLIANCE. The evidence in this case tended to show that the coupling of a Baldwin locomotive car to a car of defendant, in consequence of the peculiar and unusual construction of the drawheads of the former, was extra hazardous, dangerous and unsafe; that to those acquainted with the Baldwin locomotive cars they were known as "man killers;" that plaintiff was directed, on a dark night, to couple one of these cars to one of defendant's; that he had never before made this coupling, and he had no knowledge of the dangerous, unsafe and unusual construction of the drawhead of the Baldwin locomotive car; that while, from the light of his lantern, he could see the place for the drawhead to enter, it did not apprise him of the dangerous character of the blocks attached to the drawhead, which caused his arm to be caught and crushed while attempting to put in the pin to effect the coupling. *Held*, that the trial court properly overruled defendant's demurrer to the evidence.

*Appeal from Pettis Circuit Court.*—HON. JNO. P. STROTHER, Judge.

AFFIRMED.

*W. S. Shirk* and *T. G. Portis* for appellant.

(1) Plaintiff's petition does not state facts sufficient to constitute a cause of action. *Hulett v. Railroad Co.*, 67 Mo. 239; *Mich. Central Railroad Co. v. Smithson*, 45 Mich. 212; *I., B. & W. R. R. Co. v. Flanigan*, 77 Ill. 365; Wood on Master and Servant, p. 754, sec. 382; *Id.*, p. 791, sec. 414; Thompson on Neg., p. 982, sec. 11; *Id.*, p. 1050, sec. 47; Whart. on Neg. (2 Ed.) sec. 243a; *Toledo, etc., R. R. Co. v. Black*, 88 Ill. 112; *Baldwin v. Chicago, etc., R. R. Co.*, 50 Iowa, 680; *Railroad Co. v. Troesch*, 68 Ill. 545; *Wonder v. Railroad Co.*, 32 Md. 411; Sherman and Redf. on Neg., p. 115, sec. 87; *Id.*, p. 128, sec. 99; *McGinnis v. C. S. B. Co.*, 8 Am. and Eng. R. R. Cases, 135; *Central R. R. Co. v. Kenny*, 64 Ga.

Crane v. The Missouri Pacific Railway Co.

100; *Gibson v. P. R. R. Co.*, 46 Mo. 163; *Waldhier v. H. & St. J. R. R. Co.*, 71 Mo. 514; *Elliott v. St. L., I. M. & S. R. R. Co.*, 67 Mo. 272; *Scott et al. v. Robards*, 67 Mo. 289; *Jones v. Tuller*, 38 Mo. 366; *Current v. Mo. Pac. R. R. Co.*, 86 Mo. 62. (2) The defendant's instruction offered at the close of plaintiff's case should have been given. (*a*) Because the petition does not state facts sufficient to constitute a cause of action, and is fatally defective. (*b*) Because the plaintiff's evidence failed to establish a cause of action against defendant. Authorities cited, *supra*. (*c*) Because plaintiff's evidence clearly shows that he was guilty of contributory negligence, which was the direct cause of his injury. Wood on Master and Servant, p. 746, sec. 372; *Id.*, p. 754, sec. 382; *Harlan v. St. L., K. C. & N. R. R. Co.*, 64 Mo. 430; *Fleecher v. A. & P. R. R. Co.*, 64 Mo. 484; *Powell v. Mo. Pac. R. R. Co.*, 76 Mo. 80, and authorities cited, *supra*. (3) The court erred in permitting the plaintiff's witnesses to testify, against the objections of defendant, as to changes made in the construction of the "Baldwin locomotive cars," use of same, etc., subsequent to the plaintiff's injury. (4) The court erred in giving plaintiff's instructions; they do not embody correct propositions of law, and if they did, are not authorized by the pleadings or justified by the evidence.

*W. W. Snoddy* for respondent.

(1) The petition is substantially good, and states a good cause of action at common law, as will be seen by the court upon an inspection. It does show that the respondent did not know the danger in the car described, and that the appellant did know, and could have known, by the exercise of reasonable diligence. The petition is certainly good after verdict that every fact was proven necessary to sustain it, although the same may not have been technically set forth in the petition. R. S., sec.

3882; *Bowie v. Kansas City*, 51 Mo. 454; *Cowles v. Richmond, etc., R. R. Co.*, 12 Cent. Law Jour. 546. All the instructions in the cause show that the instructions and evidence were in harmony with the petition. The petition showed that an injury had been received by the respondent without fault or negligence on his part, on account of negligence on the part of the appellant. (2) The railroad company was bound to provide safe machinery and appliances for its employes. The company, according to the evidence, either knew, or should have known, of the dangerous character of the appliance by which plaintiff was hurt, and is liable for the injuries he sustained. *Lewis v. Railroad Co.*, 59 Mo. 495; *Harlan v. Railroad Co.*, 65 Mo. 22; *Couden v. Railroad Co.*, 78 Mo. 567; *Buesching v. St. Louis Gas Light Co.*, 73 Mo. 219; *Dowling v. Gerard B. Allen & Co.*, 74 Mo. 13; *Swigert v. Railroad Co.*, 75 Mo. 475; *Nagel v. Railroad Co.*, 75 Mo. 653; *Cagney v. Railroad Co.*, 69 Mo. 416.

NORTON, J.—This cause is before us on defendant's appeal from a judgment rendered for plaintiff by the circuit court of Pettis county, and as the first and principal point presented is as to the sufficiency of the petition, it is here inserted, and, omitting the formal part of it, it is as follows:

"Plaintiff, for cause of action against the said defendant, states that on the said seventeenth day of November, 1879, he was in the employ of the defendant, in its yards at Sedalia, in said county and state. The duties of his employment were to ride cars, catch them up, couple them, etc., when trains arrived at said yards. That on the said seventeenth day of November, 1879, in the morning, while making up a freight train, and without any fault or negligence on his part, in attempting to couple together two cars in making up said train, his arm was caught in the coupling apparatus and between the said two cars, whereby the elbow was crushed and

injured, the ulna broken, the flesh and muscles of said arm mangled and bruised, causing him great pain and agony, and most excruciating suffering for several months, causing paralysis of said arm, and permanently disabling the same so that he is now, and ever will be, unable to use said arm, and was, and is, thereby compelled to abandon forever his ordinary avocations.

"Plaintiff states that the cause of the injury aforesaid was the carelessness and negligence of the said defendant in failing, neglecting and refusing to provide plaintiff with safe and proper appliances, and reasonably secure and safe appliances and machinery with which to perform the duties of his employment. That on the occasion of the injury, the defendant, not regarding its duties, unlawfully, negligently, and knowingly, required plaintiff to couple what was known as a "Baldwin locomotive car," to a "Missouri Pacific freight car." That at the time plaintiff was required to make the coupling of said two cars, said cars, known as the "Baldwin locomotive cars," had generally been abandoned on railroads as dangerous to be used and coupled with other cars of modern construction, and especially had they long been unused in connection with Missouri Pacific cars, and the one used at the time of plaintiff's injury was dangerous to the life and limbs of those whose duty it was to couple it with a Missouri Pacific car, because of the want of drawheads properly constructed, there being no drawheads and timbers, deadwoods, etc., to conform to the construction of those on the Missouri Pacific car, and on that account when the two cars came together, plaintiff's arm was caught and injured as aforesaid. Plaintiff states that the said injuries were occasioned by reason of the negligent, careless and unlawful act of defendant in permitting and requiring plaintiff to perform the duties of his employment with the dangerous and unsafe and improper appliances and machinery aforesaid. Wherefore, plaintiff says, by reason of the premises, he was, and is,

damaged in the sum of ten thousand dollars, for which he asks judgment."

I do not understand counsel for appellant as controverting that if defendant furnished a car to be coupled by plaintiff, which it knew, or might have known, by the exercise of ordinary care, was not reasonably safe, but was unusually dangerous because of the construction of its drawheads, and that plaintiff, without fault on his part, and in ignorance of its dangerous character, was injured by reason thereof, that he could recover damages for such injury., But the contention is that the case stated in the petition does not come within the operation of the above principle, and the first specific objection made to the petition is that it does not aver either that plaintiff did not know, or could not have known, by the exercise of ordinary care, the dangerous and defective construction of the car, and that for the lack of such averment, it is fatally defective. It may be stated as a well recognized rule of pleading, that a plaintiff need only state in his petition what he is bound to prove to make out his case, to which rule efficacy was given in the case of *State v. Edmundson*, 64 Mo. 398. Shearman and Redfield, in treating of the liability of masters to servants, in section 99, page 128, state the rule thus: "In actions brought by servants against their masters, the burden of proof as to the master's knowledge, or culpability in lacking knowledge of the defect which led to the injury, whether in the character of a fellow servant, or in the quality of materials used, rests upon the plaintiff. But the plaintiff having proved the fault of the master in this respect, the burden of proving that the plaintiff also knew of such defect, and commenced or continued his service with such knowledge, rests upon the defendant. This fact being proved, it is then for the plaintiff to show, if he can, that defendant induced him to continue the work by promising to remedy the defect."

It has been settled in this state since the case of
*Thompson v. N. M. R. R. Co.*, 51 Mo. 191, that con-
tributory negligence is a matter of defence, and that the
*onus* of establishing it is on the defendant, and the rule
has been reiterated in the late case of *Stephens v. City
of Macon*, 83 Mo. 345. If the *onus* of proving contrib-
utory negligence or of knowledge on the part of plaintiff
of defective machinery, rests on the defendant, it would
be a singular rule of pleading to require a plaintiff to
aver negatively that he was not guilty of contributory
negligence, or did not have knowledge of defective ma-
chinery, neither one of which he would be required to
prove to make out his case, but which the defendant
would be required to prove to make out his defence.
The denial of a negative proposition is the affirmation of
its opposite, and the general rule is that he who bases a
right on an affirmative proposition must establish it.

It is further insisted that the petition is insufficient
in that it does not aver that defendant either knew, or
might, by the exercise of ordinary care, have known, the
defective and dangerous construction of the car that
plaintiff was required to couple. If the petition con-
tains no averment equivalent to the one above noted, the
objection made to its sufficiency would be well taken.
That it does contain equivalent averments, we think is
clear. The petition alleges that the cause of the injury
received by plaintiff without his fault, was the result of
carelessness and negligence of defendant in failing and
neglecting to provide him with reasonably safe and
secure appliances with which to perform duties of his
employment, and then proceeds to state wherein the
car he was required to couple was defective. This
form of pleading is sufficient, and has the sanction of
Bliss on Code Pleading, where, in section 212, in treating
of the distinction in pleading fraud and negligence, it is
said: "To charge fraud, it is not enough to say that
the party fraudulently procured, or did this or that, or

committed fraud. They are but conclusions of law ; the facts constituting the fraud must be stated. * * * On the other hand a general allegation of negligence is allowed ; the negligence is the ultimate fact to be pleaded, and is not a legal conclusion, as that 'defendant by,' etc., did run and manage one of their cars in such a gross and negligent manner that, etc. ; or, the defendant 'while running their locomotive with,' etc. ; 'negligently struck,' etc. The law draws the conclusion in both cases, yet we can see that the negligence possesses more the elements of fact, than does the fraud." See, also, Nash's Plead. and Prac., p. 514, where, it will be seen, that the petition in this case comes up to the requirements in the form there laid down in this class of cases.

So, in the case of *Mack v. St. L., K. C. & N. R. R. Co.*, 77 Mo. 233, it is held, that in an action founded on negligence, it is not necessary for the plaintiff, in his petition, to set out the facts constituting the negligence. An allegation specifying the act, the doing of which caused the injury, and averring generally that it was negligently and carelessly done, will suffice. See, also, *Chubbuck v. H. & St. Joe R. R. Co.*, 77 Mo. 593. To sustain the allegation in the petition that defendant negligently furnished a car that was defective and unsafe, the plaintiff would be required to prove the fact that the car was unsafe ; and, also, the fact that defendant either knew, or by ordinary care, might have known of the defect, because without such proof the charge of negligence would be unsustained. The charge that defendant negligently furnished a defective and unsafe car, stating wherein it was defective, is as broad as if the charge had been that the defendant furnished such car, which it either knew, or might have known by due care, was defective and unsafe. In either case he would have to make the same proof.

On the trial, evidence was received, over defendant's

objection, tending to show that the Baldwin locomotive cars had, because of their being dangerous, been generally abandoned, and had also been abandoned by defendant. One method of establishing notice or knowledge of a fact, is by proving the notoriety of the fact and in this view of it we think the evidence was competent. At the close of plaintiff's case defendant offered an instruction, by way of demurrer, to the evidence which the court overruled, and we think properly. There was evidence tending to show that the coupling of a Baldwin locomotive car to a Missouri Pacific car, in consequence of the peculiar and unusual construction of the drawheads of said locomotive cars, was extra-hazardous, and dangerous and unsafe; that to those acquainted with such cars they were known as "man killers;" that plaintiff was directed on a dark, misty night, to couple one of these cars to a Missouri Pacific car, and that he had never coupled one before. He testified that he had no knowledge of the dangerous, unsafe and unusual construction of the drawhead of said car, never having been called on to couple one of them before; that while from the light of his lantern he could see the place for the drawbar to enter, it did not apprise him of the dangerous character of the blocks attached to the drawhead, which caused his arm to be caught and crushed while attempting to put in the pin to effect the coupling.

The defendant offered no evidence, and asked no instructions. The court gave several instructions for plaintiff, and one of its own motion, to which defendant has interposed a general objection in his brief, without pointing out wherein they are claimed to be erroneous. It is sufficient to say of the instructions given for plaintiff, that they in substance and effect told the jury that before they could find for plaintiff they must believe, from the evidence, that plaintiff was in the employ of defendant, and that without any negligence on his part, he was injured while coupling a Baldwin locomotive car

to a Missouri Pacific car by reason of the want of drawheads on said locomotive car properly constructed, and by reason of their being no drawheads, and timbers and deadwoods, and to conform to the construction of those on the Missouri Pacific, and that coupling such car, in consequence thereof, was unsafe and dangerous, all of which the defendant knew, or might have known, by the exercise of due care, and which plaintiff either did not know, or by the exercise of ordinary care, could not have known. The court, of its own motion, further directed the jury that if they believed plaintiff's own negligence contributed directly to the injury, he could not recover, and in determining whether he was negligent' they should consider and determine, from the evidence, whether he knew of the danger, or might have known of it; and have avoided it by the exercise of ordinary care and caution under the circumstances in evidence, and if he could have seen the danger and avoided it by the use of such care, then he was negligent, and that if such' negligence contributed to the injury, they would find for defendant.

The instructions fairly put the case to the jury, and' we find nothing in the record justifying an interference with the judgment, which is hereby affirmed. All concur.