LEON CLIPPARD v. ST. LOUIS TRANSIT COMPANY, Appellant.

Division One, March 28, 1907.

1. **PLEADING: Demurrer: Motion in Arrest.** Ordinarily when defendant's demurrer to plaintiff's petition is overruled and defendant answers over, the demurrer is not considered on appeal. But where the motion in arrest questions the sufficiency of the petition, the petition will be considered.

2. ——: **Negligence: Master and Servant: No Allegation of Knowledge.** A petition which sets out certain defects in the car which was derailed and injured plaintiff, a servant of defendant, and avers that the defendant was negligent in furnishing said car in such defective condition, states a cause of action, although it is nowhere specifically stated that defendant had knowledge of such defects or could have known of them by reasonable diligence, since the allegation that de-

fendant was negligent in furnishing said defective car is equivalent to an averment of knowledge. But it would be better to specifically allege knowledge.

3. ——: ——: ——: **Motion to Make Specific: Waiver.** Where the petition is held to be sufficient, it is unnecessary to determine or discuss the point whether or not defendant lost its right to question its sufficiency by not standing on its motion to make more specific and answering over, after the motion was overruled.

4. ——: ——: ——: ——: **Defective Car.** Plaintiff, an employee of defendant in repairing its car tracks, was injured when the car was derailed, and charged the derailment to defects in the car, and the defects in these words: "That the bearings over the truck did not slide or follow the turn of the car, but were rigid and thus would cause the car to become derailed." *Held,* sufficient, and defendant's motion to make more specific was properly overruled.

5. **NEGLIGENCE: Master and Servant: Instruction: Defective Car.** Where it cannot be said that an instruction which repeats a general allegation of defects in a car worked an injury to the defendant, even though the evidence bearing thereon was vague and general, the judgment will not be reversed on that account. Especially should this be the ruling where defendant's instructions contain the same expressions.

6. ——: ——: ——: **Knowledge of Defective Car: Assumption of Risks.** The mere fact that plaintiff knew of the defective condition of the car, which left the track and injured him, is not sufficient to bar his recovery. Unless the danger was so glaring as to threaten immediate injury, or such that a person of ordinary prudence would not have used the car to ride upon, then the fact that plaintiff knew of its defective condition and remained in defendant's service thereafter will not bar recovery by him for the injury. Besides, in this case defendant did not plead assumption of risks.

7. ——: **Hidden Defects: Inspection: Curing Refusal of Instruction.** Error in the refusal of an instruction which tells the jury that "defendant was not bound to know of hidden or other defects in said car that could not be discovered by the exercise of reasonable care in examining the same," peculiarly applicable to the facts of the case, is not cured by the giving of another instruction which goes only to the point that if the car was in good repair at the time it was turned out for work on the day of the accident and thereafter became out of repair then defendant is not liable unless it knew of said

car becoming out of repair, etc. The refusal of the instruc-
tion as to hidden defects took from the jury one of the de-
fendant's substantial defenses.

Appeal from St. Louis City Circuit Court.—*Hon. Jas.
R. Kinealy*, Judge.

REVERSED AND REMANDED.

*George T. Priest* for appellant; *Boyle & Priest* and
*George W. Easley* of counsel.

(1)   The court erred in overruling defendant's
demurrer to the sufficiency of plaintiff's petition.   In
an action by a servant against the master for neg-
ligence in furnishing improper appliances for the ser-
vant's use in his work, whereby he was injured, the
petition must charge that the master either knew, or
by the exercise of ordinary care could have known,
of the defect,- or the petition must contain averments
equivalent thereto.   Mueller v. Shoe Co., 109 Mo. App.
506; Current v. Railroad, 86 Mo. 62; Crane v. Rail-
road, 87 Mo. 588; Johnson v. Railroad, 96 Mo. 340;
Fisher v. Lead Co., 156 Mo. 479; Duerst v. Stamp. Co.,
163 Mo. 607.   (2)   The court erred in overruling de-
fendant's motion to make the petition more definite
and certain.   Defendant does not waive its objection
by answering to the merits.   Ebens v. Railroad, 72
Mo. 212; Sommers v. Railroad, 83 S. W. 268; Ruebsam
v. Railroad, 83 S. W. 984; Sidway v. Land Co., 163
Mo. 342; Watkins v. Donnelly, 88 Mo. 322; Allen v.
Railroad, 183 Mo. 433; Tipton Power Co. v. Newcomer,
158 Ind. 348.   It is impossible to understand whether
plaintiff means to charge that all the bearings were
defective, or that some were defective, or that only one
was defective, and it is impossible to understand
whether the bearings referred to were those which
coupled the body of the car with the trucks, and, if
these were the ones intended, whether it was the front

or rear trucks that were meant, we do not know. Further, there are bearings on the axles of the car, and two bearings to each axle and eight axles on the car, and whether those were the ones intended, and, if so, which ones or all, we cannot tell from the petition. The motors on the car connected to the axles contained bearings, and whether or not plaintiff intended these, and, if so, whether on the rear or front motor, we cannot tell. Defendant is entitled within reason to know just what plaintiff intends by his petition, instead of having him lie in ambush behind some concealed charge. (3) The court erred in giving instruction 1. Instructions must be based upon the pleadings and the evidence and must confine a recovery to the cause of action stated in the petition. If the instruction is broader than the pleading and if it allows plaintiff to recover on a cause of action not alleged in the petition, it is an error. Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34; Aurent v. Railroad, 86 Mo. 66; McManamee v. Railroad, 135 Mo. 440; Feary v. Railroad, 162 Mo. 75; Allen v. Railroad, 183 Mo. 440. Instruction 1 is open to two objections: First, that it is broader than the petition and allows plaintiff to recover upon a different cause of action than that alleged in the petition. McManamee v. Railroad, 135 Mo. 447; Waldheir v. Railroad, 71 Mo. 515. The instruction is fatal for the further reason that it fails to submit to the jury the effect of plaintiff's knowledge of the defective condition of the wheel, and it fails to submit to the jury whether the defect was "glaring" or not. The instruction is an independent one and was intended to and does cover the whole case. (4) The court erred in giving plaintiff's instruction 3. The phraseology of this instruction is entirely too strong and can do nothing but mislead the jury. The phrase, "and its said defective condition was so glaring as to threaten immediate injury," is misleading. (5) The

court erred in refusing to give defendant's instruction A4 offered. This instruction clearly states the law and clearly states one of defendant's defenses. If the defect in the car was of such condition that it was impossible for defendant, through the exercise of ordinary care, to have discovered, then it is not liable —for it is not liable to a servant without it fails in the exercise of ordinary care; consequently, if the defect cannot be discovered by the exercise of ordinary care, defendant has discharged that degree of care which it owes the plaintiff and therefore is not liable.

*E. D. Hayes* and *A. R. Taylor* for respondent.

(1)   Appellant's first ground of error urged in his brief is that for a failure to allege notice of the defective condition of the bearings, to defendant, the trial court should have sustained its demurrer. There are quite a number of answers to this complaint. The demurrer was not well taken, as the trial court correctly held. The petition contains an explicit statement of the facts constituting plaintiff's cause of action. It not only shows the defective condition of the car, but goes further and shows the facts causing the defective condition. The master in this case did not furnish the bearings of the car as an appliance to work with, but furnished the car as the appliance. Again, the contention is that the petition must allege that the master knew, or, in the exercise of ordinary care, would have known, of the defective condition, or an equivalent averment. The equivalent averment is in the petition: "And the plaintiff avers that defendant was negligent in furnishing said car for said work in such defective condition." The defective condition was fully described. Crane v. Railroad, 87 Mo. 588; Condan v. Railroad, 78 Mo. 572; Hall v. Railroad, 74 Mo. 298; Gurley v. Railroad, 93 Mo. 451; Johnson v. Railroad, 96 Mo. 345; Young v. Shickle, 103 Mo. 328; Cobb

v. Railroad, 149 Mo. 145. (2) The petition was specific. Counsel fails to see or to consider the specific averment as to the cause of the defective condition of the car. If the petition did not aver, as it does aver, the specific cause of the car's bad habit of jumping the track, it would have been good, as good as the code requires. Sec. 2055, R. S. 1899. (3) There was no such question as assumption of risk in this case. Defendant did not plead it or ask to have it submitted as an issue. At the trial neither party seemed to think that such an issue was alive in the case, but both seemed to bow to the law of the decisions, to the effect that a servant does not assume a peril which arises by reason of the master's negligence. Blanton v. Dold, 109 Mo. 75; Swadley v. Railroad, 118 Mo. 278; Settle v. Railroad, 127 Mo. 343; Pauck v. Dressed Beef Co., 159 Mo. 477; Curtis v. McNair, 173 Mo. 274; Cole v. Railroad, 183 Mo. 94.

GRAVES, J.—Action for personal injuries. Verdict and judgment went for plaintiff in the sum of $6,235, and defendant appeals.

At the institution of the suit plaintiff was a minor, and brought suit through L. J. Grimsley, his curator, but before trial he reached his majority and further prosecuted suit in his own name.

By petition it is charged, that defendant is a corporation and as such used and operated a street railway and a certain car and appliances in the petition mentioned; that on October 29, 1901, plaintiff was in the service of defendant, as a laborer, in repairing its tracks; that he was on one of defendant's cars going west on Chouteau avenue, when said car left the track and plaintiff's left leg and foot were crushed between said car and an upright pole standing some sixteen or eighteen inches from the track, and plaintiff thereby permanently crippled and disabled. The car was used for the purpose of transporting the workmen and ma-

terial from place to place on defendant's railway. The alleged negligence of defendant is stated in this language:

"And plaintiff avers that said car was so caused to leave said track and injure the plaintiff by reason of the defective and insecure condition of said car and appliances. That said car and its appliances and bearings were out of order and defective, and such condition of said car would cause it to leave the track. That the bearings over the truck did not slide or follow the turn of the car, but were rigid and thus would cause the car to become derailed. And plaintiff avers that said defective condition of said car and its appliances was the direct cause of said car's leaving the track and injuring the plaintiff as aforesaid. And the plaintiff avers that the defendant was negligent in furnishing said car in such defective condition."

The defendant first demurred, but such demurrer was overruled. Defendant then filed motion to make petition more specific and definite which was likewise overruled. Defendant then answered, first by a general denial, and further by special plea of contributory negligence, couched in this language:

"Defendant for further answer to plaintiff's petition, avers that by its rules, regulations and orders adopted, promulgated and given by defendant to plaintiff and other employees of defendant for their safety and protection, such employees and servants of defendant were forbidden to ride on defendant's cars with their legs and feet swinging over and from the sides of said cars, and that whatever injuries plaintiff may have sustained, were caused by his own negligence in riding on one of defendant's cars with his feet and legs outside the body or side of said car in violation of defendant's said rules, orders and regulations.

"And having fully answered, defendant prays to be hence dismissed with its costs."

Reply was a general denial.

The errors assigned are: (1), The overruling of the demurrer; (2), the overruling of the motion to make petition more specific and definite; (3), the overruling of the demurrer to plaintiff's evidence and to all the evidence upon the close of the case; (4), the giving of instructions numbered 1, 2, 3, 4 and 5 for plaintiff; (5), the refusal to give instruction numbered A-1, A-2, A-3, A-4 and A-5 asked for defendant; (6), the admission of incompetent evidence over the objection of defendant.

Objection was made to the introduction of any evidence under the petition for the reason that the petition failed to state facts sufficient to constitute a cause of action, which objection was overruled and exception saved. The same point is preserved by motion in arrest of judgment.

Points urged will be considered in connection with a further statement of the testimony as introduced and applicable to the several points discussed in the course of the opinion.

I. The first point made by defendant is that there was error upon the part of the trial court in overruling the demurrer to the petition. The defendant answered, but the answer in no way aids the petition in respect to the alleged defect now insisted upon by defendant. Ordinarily, where a demurrer is overruled, and the defendant pleads by way of answer, rather than stand upon the demurrer, we do not consider the demurrer, and would not consider the point here raised, but for the fact there is a motion in arrest of judgment which questions the sufficiency of the petition. So that in this case we consider the sufficiency of the petition, upon the challenge thereto raised by the motion in arrest of judgment, rather than upon the demurrer. Defendant challenges the sufficiency of the petition in brief in this language:

"The petition contains no averment that the de-

fendant had any knowledge of the defects complained of, or could have known of the defects by reasonable diligence, or any averments which are equivalent to the same."

The petition does not contain such specific allegations. The petition does contain this allegation: "And the plaintiff avers that the defendant was negligent in furnishing said car for said work in said defective condition."

The defective condition had been previously described in the petition. The petition is not well worded for a case of this character, to say the least of it. Defendant admits the allegations of the petition to be sufficient, if this case was a case where "the servant brings his action against the master because the master furnished him with the tool or instrument, which is defective, inherently defective and unfit for the purpose for which it is intended," but urges that the rule does not hold good, and the petition would be bad, in cases "where a servant grounds his petition upon injuries received during the use of appliances and instruments furnished him by the master, which were originally perfect and free from defect and suited to the use or purpose for which they were intended, but having become unsuited through use and ordinary wear and tear, and thus are liable to injure the servant."

In cases of this character, defendant urges that "the petition must contain the averment or its equivalent that the master could have known of the defect through the exercise of ordinary care, or being informed of it has failed to rectify it."

The evidence shows that plaintiff had used this particular car for about six weeks, and that it worked all right at first, but during the last week or ten days, it jumped the track at different times and places, when making a curve. But to test the petition we must look to the petition and not the evidence. Does the peti-

tion state a cause of action? We think so. The petition does not charge a prior use of the car by plaintiff, and in so far as appears from the petition, this was the original furnishing of the alleged defective appliance. What bearing the question of the evidence in the cause will have is not for consideration at this point. This alleged defect in the petition is not a new question in this State. It would have been much better to have had the express averments, as contended for by defendant, in the petition, but we have held that the language used in this petition is equivalent averments.

In Hall v. Railroad, 74 Mo. l. c. 302, we said:

"The proposition that the petition is defective because it is not therein alleged that defendant had knowledge that the iron rail was lying on or so near to the track as to be dangerous, is untenable. It is alleged that defendant negligently and carelessly permitted it to remain there, and this was not true, if defendant did not know, or, by the due and proper discharge of its duty to keep the track clear of obstructions, would not have ascertained, that the rail was there. In the cases of Serrot v. Omaha, 1 Dill. Cir. Ct. Rep. 312, and Bowie v. Kansas City, 51 Mo. 456, it was decided that petitions, substantially the same as this with respect to the omission of the allegations of knowledge on the part of defendant, were good. Nor is there anything in Price v. Railroad, 72 Mo. 414, in conflict with those cases."

Again, in Crane v. Railroad, 87 Mo. l. c. 594, it was said:

"It is further insisted that the petition is insufficient in that it does not aver that defendant either knew, or might, by the exercise of ordinary care, have known, the defective and dangerous construction of the car that plaintiff was required to couple. If the petition contains no averment equivalent to the one above noted, the objection made to its sufficiency

would be well taken. That it does contain equivalent averments, we think is clear. The petition alleges that the cause of the injury received by plaintiff without his fault, was the result of carelessness and negligence of defendant in failing and neglecting to provide him with reasonably safe and secure appliances with which to perform duties of his employment, and then proceeds to state wherein the car he was required to couple was defective. This form of pleading is sufficient, and has the sanction of Bliss on Code Pleading, where, in section 212, in treating of the distinction in pleading fraud and negligence, it is said: 'To charge fraud, it is not enough to say that the party fraudulently procured, or did this or that, or committed fraud. They are but conclusions of law; the facts constituting fraud must be stated. . . . On the other hand, a general allegation of negligence is allowed; the negligence is the ultimate fact to be pleaded, and is not a legal conclusion, as that "defendant by," etc., did run and manage one of their cars in such a gross and negligent manner that, etc.; or, the defendant "while running their locomotive with," etc., "negligently struck," etc. The law draws the conclusion in both cases, yet we can see that the negligence possesses more the elements of facts than does fraud.' See, also, Nash's Plead. and Prac., p. 514, where, it will be seen, that the petition in this case comes up to the requirements in the form there laid down in this class of cases."

Norton, J., in Johnson v. Railroad, 96 Mo. l. c. 345, says:

"The specific objection urged to the above petition is, that it does not allege that defendant either knew, or might, by the exercise of ordinary care, have known, that said hammer was not reasonably safe for the purposes for which it was to be used. In the case of Crane v. Railroad, 87 Mo. 588, it is held that in action by a servant against his master for negligence in fur-

nishing improper or unsafe appliances for the servant's use in his work, the petition must allege that the master either knew, or might, by the exercise of ordinary care, have known, of the dangerous and defective construction of the appliance, or it must contain an equivalent averment, and that an allegation that the master negligently furnished an appliance which was defective and unsafe is an equivalent averment, and sufficient. Under this ruling the objection to the sufficiency of the petition, based on the ground stated, is not well taken, as it is therein averred that the unsafe hammer was negligently furnished plaintiff by defendant."

And later the Crane and Johnson cases, supra, were approved in Young v. Shickle, H. & H. Iron Co., 103 Mo. l. c. 328, in this language:

"It is the well-settled law of this court that the plaintiff need not allege that he was without fault, that contributory negligence is a matter of defense. [Crane v. Railroad, 87 Mo. 588.] It was also held in that case that the plaintiff need not aver that he had no knowledge of the defective character of the machinery; and that an allegation that the defendant negligently furnished an appliance which was defective and unsafe was equivalent to a statement that the master knew, or might have known by use of ordinary care, of the dangerous and defective character of the appliance. To the same effect is the case of Johnson v. Railroad, 96 Mo. 340."

See, also, recent case of Bellamy v. Whitsell, (Mo. App.), 100 S. W. 514, opinion just handed down by JOHNSON, J., of the Kansas City Court of Appeals.

We therefore conclude, that whilst this petition is not just what it ought to be, yet it contains averments sufficient to state a cause of action and the demurrer and motion in arrest were properly overruled, in so far as this point is concerned.

II. The second contention is that there was error in overruling defendant's motion to make the petition more specific. We do not think this point is tenable. In the statement we have set out all of that portion of the petition necessary for the consideration of the proposition. We take it that the specific defect intended to be charged in this petition is couched in this language taken therefrom: ''That the bearings over the truck did not slide or follow the turn of the car, but were rigid and thus would cause the car to become derailed.''

There is a loose general charge first preceding this, but as best we can construe this petition, the gist of the charge contained therein is in the language just quoted, and this is sufficiently definite to fully apprise the defendant of the issues to be met.

Having reached the conclusion that the petition is sufficiently definite, it is unnecessary to discuss the further question, as to whether or not defendant has lost the right to question the sufficiency of the petition by not standing upon its motion and answering, after the motion was overruled.

III. Instruction numbered 1 given for plaintiff is criticised. This instruction reads:

''If the jury find from the evidence that on the 29th day of October, 1901, the defendant was operating the railway and car mentioned in the evidence; and if the jury find from the evidence that on said day the plaintiff was in the service of the defendant as a laborer, and that on said day he was riding upon the car mentioned in the evidence, and that he was in the discharge of the duty of his employment whilst so riding upon said car; and, if the jury find from the evidence, that whilst the plaintiff was so riding upon said car in the discharge of the duties of said employment, said car left the track on which it was moving and thereby the plaintiff's left foot and leg were crushed between said car and a pole, and injured; *and, if the*

*jury find from the evidence that said car and its ap-*
*pliances and bearings were out of order and defective,*
*and that the bearings over one of the trucks of said*
*car did not slide and were rigid, and that thereby said*
*car was caused to so leave said track and so injure the*
*plaintiff;* and .if the jury find from the evidence that
said defective conditions of said car were known to the
defendant or its agents having charge of keeping said
car in repair, and reasonably safe and suitable for the
use for which defendant was applying it, or by the ex-
ercise of ordinary care would have been so known in
time to have repaired same, by the exercise of ordi-
nary care before plaintiff's said injury, and neglected
and failed to do so and thereby the plaintiff was
caused to sustain said injury; and ·if the jury find
from the evidence that the plaintiff was in the exer-
cise of ordinary care at the time of his injury, then he
is entitled to recover.''

·We have italicized the portion which is princi-
pally urged as being erroneous. The only possible de-
fect in the instruction would be in the words, ''that
said car and its appliances and bearings were out of
order and defective.''

The preponderance of the evidence tends to show
that this car had been leaving the track in making
curves for some days prior to this accident and that it
left it because of a bolt in the bearing dropping down
and thereby preventing the truck of the car from re-
suming its natural position under the car after the car
reached the straight track. These bearings consisted
of two steel plates, one above and one below, the one
above fastened by two bolts to the body of the car and
the one below by two bolts to the axle. The bolts were
counter sunk, that is to say, were so placed in the steel
plates that the head of the bolt would be even with or a
little deeper than the face of the plate, so that the two
plates would work without interference from these bolt
heads. The evidence strongly tends to show that at pre-

vious times the car left the track by one or more of these bolts becoming loose so that the heads thereof would fall below the surface of the steel plate, thus preventing the truck from resuming its natural position after the curve was passed and straight track reached, and in this way forcing the wheels off the track. Further than this the reason for the car leaving the track the night of the injury is not shown except by witness Booth, who knew of the car leaving the track before, and says the bearings were too low, as well as the loose bolts. There is some little evidence of a loose wheel, but it is not explained just how a loose wheel would cause the truck to leave the track.

It might have been better had the plaintiff eliminated the language hereinabove last quoted, from the instruction, thereby confining the instruction to the condition of the bearings, yet under the evidence in this record, we hardly think the instruction in the form given worked injury to the defendant. Nor is it subject to the criticism of being broader than the pleadings.

Further, we suggest that defendant's instructions, both those given and those refused, contain, in effect, if not in exact words, the same alleged vicious expression, so that if we could find that the trial court was lead into error, the responsibility rests as much with defendant as with plaintiff.

IV. Plaintiff's instruction numbered 3 is also the subject of criticism. This instruction is as follows:

"If the jury find from the evidence that the car mentioned was in a defective condition as set forth or mentioned in the other instructions, and if the jury find from the evidence that the plaintiff knew of said defective condition of said car before his said injury, yet unless the jury find from the evidence that the danger from said car and its defective condition was so glaring as to threaten immediate injury, or such that a person of ordinary prudence would not have

used it to ride upon, then the fact that the plaintiff knew of such defective condition of said car and remained in the service of the defendant thereafter, will not of itself preclude a recovery in this case.''

We think the language of this instruction finds full support in the case of Hamman v. Cen. Coal & Coke Co., 156 Mo. 232. The writer was of counsel for appellant in that case, and tried hard to get a different expression from the court, but by a majority of the Court in Banc, the divisional opinion of BURGESS, J., was made the opinion of the court. In that case, BURGESS, J., said:

"The evidence was clear that deceased was an experienced miner, and that he knew of the condition of the roof, but it does not necessarily follow that it was his duty to abandon his work, if it was true, that defendant had been requested by him to furnish props for the room, had promised to do so, and failed, unless the roof was so glaringly defective and unsafe that a man of ordinary prudence and caution would not have worked in the room, or unless it was so dangerous as to threaten immediate injury. Mere knowledge that the roof was unsafe, 'and that risk was incurred in working under it' was not, as a matter of law, sufficient to defeat the plaintiff's action, if the danger was not such as to threaten immediate injury, or if it was reasonable to suppose the room 'might be safely used by the exercise of care.' [Smith v. Little Pittsburg Coal Co., 75 Mo. App. 177; Stoddard v. Railroad, 65 Mo. 514; Devlin v. Railroad, 87 Mo. 545; Huhn v. Railroad, 92 Mo. 440; Hamilton v. Mining Co., 108 Mo. 364; Holloran v. I. & F. Co., 133 Mo. 470.]''

The cases cited by Judge BURGESS sustain his views, and some of them are where repairs had been promised and others where there had been no such promise.

In sections 301 et seq., page 730, vol. I, of Labatt on Master and Servant, the author takes occasion to

analyze our cases upon the question of the servant's right to recover after being fully cognizant of defects in appliances being used by him, and in a way criticises the later expressions of this court, to the extent of pointing out that our views, as the author sees it, are largely out of line with the decisions of other States. However, this analysis of the cases upholds the doctrine announced in this instruction.

It may be that our court has gone further upon this question than many courts, but we see no reason now for overturning the long line of decisions upon the question.

In passing it might be well to say that neither contributory negeligence by the usual plea nor assumption of risk was pleaded in the case at bar.

V. As a fifth assignment of error, the refusal of the court to give defendant's instruction A-4, is charged. That instruction follows:

"The jury are instructed that defendant was not an insurer of plaintiff's safety and only owed to him the duty of exercising reasonable care and precaution to provide a reasonably safe car, equipped with reasonably safe appliances and bearings, upon and about which to work; that defendant was not bound to know of hidden or other defects in said car, its bearings or appliances, that could not be discovered by the exercise of reasonable care in examining the same.

"And you are further instructed that if you find from the evidence that defendant through its servants or agents exercised reasonable care in examining said car, its bearings and appliances, and that such examination failed to disclose any defects in said car, its appliances or bearings, and that defendant did not know and had no reason to anticipate that there were defects in said car, its bearings or appliances, then your verdict will be for the defendant, and this is true, even though you may further believe that there were defects in said car, its appliances or bearings,

and that such defects caused the wheels or trucks of said car to leave the track, and that plaintiff was thereby injured."

To properly pass upon this instruction it will be necessary to summarize the evidence bearing upon the question. Plaintiff worked at nights. The accident occurred the night of October 29, 1901. There is evidence upon the part of defendant that this car was thoroughly overhauled and repaired September 7, 1901; that the car was inspected each morning by the car inspector, after its return from the night's work; that this car was repaired on the 29th of October, a new axle and bearings being put in in lieu of an axle which was split; that after its repair on the 29th and before it was sent out on the night of plaintiff's injury, it was loaded and tested in the yards, where there was nothing but switches and curves, and that it worked properly; that no defects or trouble with the car was then discovered by the inspector; that cars frequently left the track for different causes, and many times the cause of the leaving could not be discovered.

Counsel for plaintiff practically concedes the correctness of this refused instruction, but says that it was covered by instruction D-3. This instruction is in words, as follows:

"If the jury find from the evidence that defendant's car, its appliances and bearings, were reasonably safe and secure on the morning of the day of plaintiff's injury and that thereafter on said day while being used by defendant about the work in which plaintiff was engaged, if you find it was so used, said car, its appliances or bearings became out of repair, thereby causing the wheels or trucks of said car to leave the track, and that plaintiff was thereby injured, still plaintiff cannot recover in this action unless you further find from the evidence that defendant knew of said car, its appliances, or bearings so becoming out

202 Sup—29

of repair, or by the exercise of reasonable care might have known thereof in time to have repaired the same before plaintiff sustained injury.''

Under the facts in this case there can be no doubt that instruction A-4 is a proper declaration of law. Nor do we think it covered and its refusal justified by the giving of instruction D-3.

Instruction D-3 contains no idea of the proper declaration of law as contained in the first paragraph or part of A-4, and really goes only to the point that if the car was in good repair at the time it was turned out for work on October 29th, and thereafter became out of repair, then the defendant was not liable unless it knew of said car becoming out of repair, or by the exercise of ordinary care might have known such fact prior to the injury. This instruction refers solely to the day and night of October 29th, and has no reference to latent or hidden defects. But an examination of the two instructions shows that they do not cover the same proposition and were not so intended. So far we have gone the limit in sustaining the contentions of plaintiff, but the refusal of instruction A-4 cannot be excused on any reasonable theory. It is not only good abstract law, but it is peculiarly applicable to the facts of the case, as presented by defendant's witnesses. The refusal took from the jury one of the substantial defenses to the case, i. e., that even if there was a defect in the car that night, it was so hidden that it was not discernible, upon close inspection. Again, no other instruction measured the duty of the defendant to the plaintiff in the matter of furnishing the car, as to its character. The refusal of this instruction was gross error.

For the reason last assigned the judgment in this cause is reversed and the cause remanded for retrial in accordance with the views herein expressed. *Valliant, P. J.,* and *Lamm, J.,* concur; *Woodson, J.,* not sitting.