WALTER R. ZESCH v. THE ABRASIVE COMPANY OF PHILADELPHIA, a Corporation, Appellant.—No. 39633.—193 S. W. (2d) 581.

Division One, March 11, 1946.

Rehearing Denied, April 8, 1946.

*John F. Evans* for appellant; *Evans & Dixon* of counsel.

*Louis E. Miller, Miller & Landau* and *B. Sherman Landau* for respondent.

VAN OSDOL, C.—Action for $25,000 for personal injury, the result of the "shattering" of an abrasive cutting-off wheel. The jury returned a verdict for defendant, but a motion for a new trial was

sustained upon the specified ground of error in the giving of defendant's Instruction No. 3. Defendant has appealed.

In a former trial, a jury returned a verdict for defendant and the trial court granted a new trial. In reviewing the case, this court held that plaintiff had made a case submissible to the jury as against defendant herein, but affirmed the trial court's ruling in granting the new trial upon the specified ground of error in giving a cautionary instruction. In the first trial defendant offered no evidence. Generally, the evidence as introduced by plaintiff in the second trial (the instant case) was not substantially different from that introduced in the first. See statement of the facts, Zesch v. Abrasive Co. of Philadelphia et al., 353 Mo. 558 at pages 561-3, 183 S. W. 2d 140 at pages 142-3. However, in the second trial, defendant introduced evidence in its own behalf. We will have occasion to more particularly refer to the evidence in the course of this opinion.

In the second trial, as in the first, the alleged negligence in failing to test the wheel for defects was the only issue of negligence of defendant submitted. And the issue of negligence of plaintiff in using the wheel without a guard was an issue common to the two trials of the cause.

As stated, the trial court in the instant case granted a new trial upon the specified ground of error in Instruction No. 3, given at defendant's instance. The instruction is as follows,

''You are instructed that if you find and believe from the evidence that plaintiff attempted to use the abrasive cut-off wheel mentioned in the evidence in a manner or for a purpose for which it was not designed, manufactured and sold, and if you further find that the manner in which plaintiff attempted to use the wheel was improper under the circumstances, and that the wheel was caused to break or shatter as a direct and proximate result of such improper use (if any), and that it did not break or shatter as a direct and proximate result of negligence (if any) of the defendant, then your verdict must be against plaintiff and in favor of the defendant.''

Defendant (appellant) assigns error of the trial court in granting the new trial, and, in supporting the assignment, makes the points that plaintiff was not entitled to recover if the wheel was being used for a purpose and in a manner contrary to its intended use; that defendant was entitled to an appropriate instruction, such as Instruction No. 3 covering the converse theory—the plaintiff was using the wheel for an improper purpose and in an improper manner; and that the facts upon which the converse theory is based are derived solely from plaintiff's own testimony, and it was unnecessary to specifically hypothesize these undisputed facts—it was only necessary to hypothesize the converse of an ultimate fact essential to plaintiff's recovery. On the other hand, plaintiff (respondent) urges the instruction was erroneous in that it failed to hypothesize the specific acts of improper

use upon which defendant relied for a verdict and contained only a general submission authorizing the jury to "roam into fields of speculation and conjecture."

It is not disputed that the evidence showed the wheel was fragile, and that it was designed and made for the purpose of cutting metal with its periphery or edge; nor was it disputed that if so used as to bring stress upon the side of the wheel, or if the side of the wheel were used as a surface for grinding, the wheel would "probably" burst. Only plaintiff testified as to his acts and conduct in using the wheel.

Plaintiff in his brief states that his case is bottomed upon the rule expressed in the case of McCormick v. Lowe & Campbell Athletic Goods Co., 235 Mo. App. 612 at page 625, 144 S. W. 2d 866 at page 871, ". . . a manufacturer of a product is under duty to exercise ordinary care to test the product to determine whether or not it has a defect which would render it unsafe when applied to its intended use; that a failure to perform such duty renders the manufacturer liable to a person injured in consequence of such failure while using such article in the ordinary and usual manner."

In applying the rule so expressed, the trial court in plaintiff's behalf gave Instruction No. 1 which is in part as follows,

"The court instructs the jury that if you find . . . the defendant . . . manufactured the . . . abrasive wheel . . . and . . . that said wheel was so manufactured that it contained excess air spaces, and was not properly bonded, and that by reason of such conditions . . . said wheel was defective and unsafe for the purpose for which said wheel was manufactured and intended to be used; and if you find that the defendant, by exercising ordinary care to test said wheel, could have ascertained such . . . conditions . . ., but . . . failed to do so; and if you find that in failing to make such test, the defendant was negligent;

"And if you find that said wheel was of such nature that if it was defective and unsafe for the purpose for which it was manufactured and intended to be used, injury would be reasonably certain to result to those using the said wheel for such purpose; . . .

"And if you further find . . . plaintiff . . . used the aforesaid abrasive wheel in a proper, regular and customary manner, and for a purpose for which it was manufactured and intended, and if you find that while so using said wheel, the same shattered and exploded and injured plaintiff; and if you further find that said explosion directly and proximately resulted from the aforesaid conditions of the said abrasive wheel . . . then your verdict will be for the plaintiff . . ."

In requesting Instruction No. 1, the plaintiff adopted the theory that, to be guilty of ██ actionable negligence, defendant must have breached a duty to test the wheel for defects which would render

the wheel unsafe when used in a manner and for a purpose for which it was manufactured; and that defendant was not obliged to anticipate the use and consequently become subject to liability for injury resulting from the use of the wheel in a manner or for a purpose other than that for which it was manufactured and intended. Examine Lawson v. Benjamin Ansehl Co. (Mo. App.), 180 S. W. 2d 751; Vol. II, Restatement of the Law of Torts, sec. 395, p. 1073; Prosser on Torts, sec. 83, p. 679.

It being undisputed that the wheel was designed for use in cutting with its edge, plaintiff, in sustaining his case, was painstaking in his introduction of evidence tending to show that the wheel was used by him in an operation requiring the use of the edge of the wheel for grinding, and that the wheel was nicely clamped upon the spindle of the grinding machine, and the machine in all respects so precisely adjusted and operated as to bring only the edge of the wheel in contact with the inner surface of the slot in the collet when grinding. It is further seen that such a factual showing was essential to the submissibility of plaintiff's case. Only upon such a showing could it be reasonably inferred that the shattering of the wheel was due to a defect which a test could have disclosed, the failure to make which test being, as stated, the specific negligence submitted. See Zesch v. Abrasive Company of Philadelphia et al., supra, 353 Mo. at pages 565-6, 183 S. W. 2d at page 144.

Witnesses, experienced tool and die makers and abrasive wheel manufacturers, produced by defendant, testified that the wheel was a cutting-off wheel for use in grinding with the entire extent of its edge, and not a proper wheel for a slotting operation except when slotting "solid stock," that is, except when there is no groove or slot in the metal such as the slot in the collet on which plaintiff was working when injured; and that the use of the wheel in a "reslotting" operation, whereby about one-twentieth of the wheel's edge was brought into contact with metal, would cause the wheel to bend away from the metal, placing undue strain or pressure on the side of the wheel and bringing the side of the wheel into grinding contact with the metal. This, in the opinion of defendant's witnesses, would cause the wheel to shatter. It was further stated that a first grinding operation, consuming about fifteen minutes, would not grind out the metal of the slot to the depth of .003 of an inch. The experts expressed the opinion that the use of the wheel in the grinding operation with the wheel fixed, and the grinding machine adjusted as plaintiff had described in his testimony, was "not an accepted, safe practice" in the tool and die business. A fragment of the side of the broken wheel was identified by witnesses; it was smooth, having a "glazed appearance, which shows that it would have undue pressure or attempted to grind on the side of the wheel. . . . That would have a tendency to spring the wheel out of its true path of rotation."

Thus were issues of fact sharply presented by the evidence—was or was not the wheel being used for its intended "purpose," a grinding operation with its periphery or edge, and was or was not the "manner" in which the wheel was being used by plaintiff in the grinding operation such as would bring only the edge of the wheel into grinding contact with the metal; and did the wheel shatter as a result of a defect which rendered it unsafe for use in manner and for purpose intended, or did it shatter as a result of its use in a manner or for a purpose not intended. But, it has been observed, there was no dispute as to the acts and conduct of plaintiff in his use of the wheel.

Referring now to Instruction No. 3, we observe that the instruction hypothesizes the (attempted) use of the wheel "in a manner or for a purpose for which it was not designed, manufactured and sold, and if you further find that the manner in which plaintiff attempted to use the wheel was improper under the circumstances"; and that •the wheel was caused to shatter as a proximate result of the improper use. As stated, it is plaintiff's contention that the instruction should have hypothesized the specific acts of plaintiff in the improper manner of attempted use upon which defendant relied as the cause of the breaking of the wheel and of plaintiff's injury. The cases of Kimbrough v. Chervitz, 353 Mo. 1154, 186 S. W. 2d 461; Bootee v. Kansas City Public Service Co., 353 Mo. 716, 183 S. W. 2d 892; and Paisley v. Kansas City Public Service Co., 351 Mo. 468, 173 S. W. 2d 33, are cited.

There was evidence introduced tending to show that plaintiff should, in the exercise of ordinary care for his own safety, have used protective goggles; this issue was not ▬▬ submitted to the jury. And, as stated, the issue of contributory negligence in failing to use a guard was submitted to the jury. It is urged that the jury may have considered the failure to use the guard and goggles as an improper manner of using the wheel. But it is difficult to assume the jury may have believed the wheel was "caused to break or shatter" by the failure to use protective goggles or guard.

It is not intended to weaken the significance of the cases cited by plaintiff (mentioned supra) and other cases which treat with and analyze the requisites of instructions embodying the doctrine of sole cause. See also Hopkins v. Highland Dairy Farms Co., 348 Mo. 1158, 159 S. W. 2d 254; Shields v. Keller, 348 Mo. 326, 153 S. W. 2d 60; Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S. W. 2d 54; Long v. Mild, 347 Mo. 1002, 149 S. W. 2d 853; Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. 2d 562. Nor do we intend to ignore the requirement that an instruction submitting contributory negligence should advise the jury what acts or omissions on the part of the plaintiff, if found from the evidence, would constitute contributory negligence. See Paisley v. Kansas City Public Service Co., supra. By proferring Instruction No. 3, the defendant invoked no affirmative defense of acts of plaintiff as the sole cause of plaintiff's injury; we

believe; and the instruction did not submit an issue of contributory negligence. The instruction in its submission adopts the plaintiff's theory of defendant's duty to test the wheel for defects rendering it unsafe for use in manner or for purpose intended, submits defendant's view of the effect of the evidence, and negatives basic and determinative elements of plaintiff's theory of recovery as submitted in Instruction No. 1—the shattering of the wheel in its use, "in a proper, regular and customary manner, and for a purpose for which it was manufactured and intended." We see that the instruction (No. 3) does hypothesize a cause of the breaking of the wheel in accord with a view of the evidence favorable to defendant; nevertheless, that which is submitted as a cause is the negative of the ultimate facts essential to plaintiff's case as submitted in plaintiff's Instruction No. 1. Plaintiff should not complain of Instruction No. 3, which presents defendant's side of the case and the same view of the law as adopted by plaintiff. Woehler v. City of St. Louis, 342 Mo. 237, 114 S. W. 2d 985. We hold that the giving of Instruction No. 3 was not prejudicially erroneous.

Additional grounds are urged by plaintiff in supporting the trial court's action in sustaining the motion for a new trial.

During the direct examination of witnesses, defendant's counsel premised his questions upon provisions of a "safety code," and by this means elicited testimony that defendant had not failed to test the wheel as in the code provided. Plaintiff contends the court thus erroneously permitted the use of the code as independent evidence. The code is known as "American Standard Safety Code for The Use, Care, and Protection Of Abrasive Wheels." It had been prepared by the United States Department of Labor, other national and state departments and regulatory bodies, manufacturers, engineers and labor organizations. The code was first mentioned by plaintiff's expert witness who, upon cross-examination, voluntarily referred to the code as containing "the standards that are set up for this purpose . . ." The code was one of the authorities, according to the witness, for his statement that spinning the wheel at a higher speed than its rated speed in use would have revealed a latent defect or flaw. And on redirect examination of the witness, plaintiff's counsel caused the witness to refer to the code and to state that defendant "heads the list" of the code sponsors. The code was not introduced into evidence. Counsel have cited no case, and we have been unable to find a case, which treats with this precise situation. The case of Cooper v. Atchison, T. & S. F. R. Co., 347 Mo. 555, 148 S. W. 2d 773, and other cases have been cited which hold it to be well settled that the contents of medical text books are not independent evidence. Yet, it is said, there is a legitimate use of such books, at least on cross-examination, as pointed out in McDonald v. Metropolitan St. R. Co., 219 Mo. 468, 118 S. W. 78. These cases are not helpful here. We believe it was not error, on the contrary it would seem fair, in such a situation, to

permit defendant's witnesses to testify of defendant's compliance with the provisions of the code.

Plaintiff contends that Instruction No. 4 given in defendant's behalf is prejudicially erroneous. The instruction submitted the issue of negligence of plaintiff in using the abrasive wheel upon a grinding machine which was not equipped with a guard, as follows,

"You are instructed that if you find and believe from the evidence that plaintiff was an experienced tool and die maker and knew, or by the exercise of ordinary care should have known, of the dangers (if any) of using the abrasive wheel in the manner shown by the evidence, and that the grinding machine was not equipped with a guard which would prevent broken particles of an abrasive wheel from striking and injuring him, and that in the exercise of ordinary care it could and should have been equipped with such a guard, and if you further find that plaintiff attempted to use said wheel in the manner shown by the evidence without said wheel being guarded in the manner described herein and that in so doing he failed to exercise ordinary care for his own safety, and that such failure (if any) directly caused or contributed to cause his injuries, then your verdict must be in favor of the defendant, and this is true even though you find and believe from the evidence that the defendant was also guilty of negligence."

It is said by plaintiff, (1) the instruction permits a finding of contributory negligence upon the mere existence of danger, however remote, and without limiting the finding of negligence of plaintiff in subjecting himself to a danger which was glaring, obvious and imminent; (2) the instruction improperly refers to danger as shown by the evidence without qualification as to whether the instruction referred to plaintiff's or defendant's evidence; (3) it omits an issue of the "practicability" of equipping the grinder with a guard; (4) it erroneously assumes, without requiring a finding, that the guard would have been an absolute protection; and (5) the instruction imputes to plaintiff the negligence of his employer in failing to equip the grinding machine with a guard. We rule adversely to plaintiff's contentions of prejudicial error in the giving of this instruction. (1 and 5) Plaintiff has cited cases, actions by employee against employer, in which the employer had failed in duties to provide the employee with a reasonably safe appliance or with a reasonably safe place to work. In the cited case of Clippard v. St. Louis Transit Co., 202 Mo. 432, 101 S. W. 44, an instruction at the instance of a plaintiff-employee submitted that, though plaintiff knew of the defective condition of the car (provided by defendant-employer), "yet *unless the jury find from the evidence that the danger from said car and its defective condition was so glaring as to threaten immediate injury, or such that a person of ordinary prudence would not have used it to ride upon,* then the fact that the plaintiff knew of such defective condition of said car

and remained in the service of the defendant thereafter, will not of itself preclude a recovery in this case." (Our italics.) The instruction was approved by this court upon the authority of language used in the cited case of Hamman v. Central Coal & Coke Co., 156 Mo. 232, 56 S. W. 1091, "Mere knowledge that the roof was unsafe, 'and that risk was to be incurred in working under it' was not, as a matter of law, sufficient to defeat the plaintiff's action, if the danger was not such as to threaten immediate injury, or if it was reasonable to suppose the room 'might be safely used by the exercise of care.' (Citing cases.)" Observe the italicized language, supra, in an approved instruction given at the request of an employee-plaintiff, and see the instruction given in behalf of an employer-defendant in Huss v. Heydt Baking Co., 210 Mo. 44 at page 55, 108 S. W. 63 at page 67. But we bear in mind that the dangers encountered by employee-plaintiffs in the Hamman, Clippard and Huss cases were dangers due to the employer-defendants' negligence. Plaintiff in the case at bar has tendered no issue that his employer was negligent in failing to equip the grinding machine with a guard. It is plainly seen that defendant had no such duty. In our case the only issue presented, relating to the guard, was whether the plaintiff was guilty of contributory negligence in attempting to use the wheel without the protection of a guard, on which issue a verdict for defendant was not incorrectly conditioned upon the finding, "that in so doing he failed to exercise ordinary care for his own safety." Assuming it were to be found that plaintiff's employer was negligent in failing to provide a guard, and that such negligence and negligence of defendant in failing to test the wheel were found to be concurring proximate causes of plaintiff's injury, the defendant would nevertheless be liable. General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S. W. 2d 442. The jury, in effect, were so advised by Instruction No. 6 given at plaintiff's instance. In this connection, although Instruction No. 6 was given in his behalf, it was plaintiff's position, not that his employer was negligent in failing in a duty to provide a guard and that plaintiff was obliged to work unprotected by a guard or abandon his employment, but it was his position and testimony that it was impracticable, in his work as a tool and die maker, to perform grinding operations upon a universal grinder with a guard obstructing access to the grinding wheels—"They don't use guards on a universal grinder." Plaintiff did not dispute that the machine could have been equipped with a guard and defendant introduced evidence tending to show that the use of a guard was practicable and that the machine should have been so equipped. In view of the position of plaintiff, we believe plaintiff should not be heard to make the complaint that the jury may have believed they were authorized by Instruction No. 4 to consider and impute to plaintiff the negligence of his employer. Moreover, had plaintiff been of the opinion the facts justified, it

would not have been improper for him to have requested the trial court to give an instruction advising the jury that the negligence of his employer could not be imputed to plaintiff. (2) We cannot subscribe to plaintiff's argument that the instruction should have been qualified (in its reference to danger) to that danger as shown by the evidence of one of the parties. (3) If the instruction be given a fair construction, the question of the practicability of the use of a guard was within the field of the jury's inquiry by the submission in the clause "that in the exercise of ordinary care it (the machine) could and should have been equipped with such a guard." (4) The instruction submits "that in the exercise of ordinary care it (the machine) could and should have been equipped with such a guard," that is, "a guard which would prevent broken particles of an abrasive wheel from striking" plaintiff. The instruction hypothesizes such a guard as a requisite for a finding for defendant. If it can be said that the instruction hypothesizes such a guard as would afford absolute protection, the plaintiff was not prejudiced thereby.

Plaintiff further asserts error in giving Instruction No. 5. The instruction is cautionary in character and is a modification of the instruction specified by the trial court as a ground for granting the new trial in the case of Zesch v. Abrasive Co. of Philadelphia et al., supra. The instruction as modified and given is somewhat argumentative; advises that "under the law of this case, the defendant did not warrant or insure plaintiff that the abrasive cut-off wheel . . . would not break or shatter"; singles out an isolated fact, "the mere fact in and of itself that the wheel broke or shattered while being used in the manner described by plaintiff," cautioning that, in determining the issue of negligence, all the facts and circumstances in evidence were to be considered; and instructs, generally, that, before a verdict could be returned against defendant, the jury must find from the preponderance or greater weight of all the credible evidence that plaintiff was injured as a direct result of negligence of defendant as defined and set out in other instructions. The trial court did not specify error in giving the instruction as a ground for granting the new trial, and we have seen from a memorandum filed by the trial judge in connection with the granting of the new trial that he did not believe (although he was not without some doubt) the instruction was improperly given. Considering the issue of negligence of defendant submitted and the nature of the evidence introduced upon the issue, we cannot say the trial court was not acting in the exercise of its sound discretion in thus cautioning the jury to adhere to the consideration of the issue, specific negligence, upon which plaintiff based his right to recover, and to consider all of the facts and circumstances in evidence upon the issue. The giving or refusal of cautionary instructions is largely within the discretion of the trial court. Zesch v. Abrasive Co. of Philadelphia et al., supra, 353 Mo. at page 568,

1158 

183 S. W. 2d at page 146; Lewis v. Zagata, 350 Mo. 446, 166 S. W. 2d 541; Gardner v. Turk, 343 Mo. 899, 123 S. W. 2d 158.

The order granting the new trial should be set aside and the cause remanded with directions to reinstate the verdict and render judgment for defendant.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.